## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**LISA YAZZIE and**
**ERNEST YAZZIE,**

     **Plaintiffs,**

**v.**                                                          **Cause No. 1:16-1085**

**GOVERNMENT EMPLOYEES**
**INSURANCE COMPANY, DARCEL**
**ELMORE and MICHAL ELLIS,**

     **Defendants.**

## NOTICE OF REMOVAL

Defendant Government Employees Insurance Company ("GEICO"), by and through its counsel of record, Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer) for extra-contractual claims and Simone, Roberts and Weiss, P.A. (Stephen M. Simone) for the underinsured motorist claims, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support thereof, states as follows:

    1.     Plaintiffs Lisa Yazzie and Ernest Yazzie ("Plaintiffs") filed their First Amended Complaint for Damages For Breach Of An Insurance Contract, Damages For Fraud And Misrepresentation, Damages For Breach Of Implied Contractual Covenants Including Fiduciary Duty Of Good Faith And Fair Dealing And Fiduciary Duty Of Equal Consideration, Damages For Willful Violations Of The Insurance Trade Practices And Frauds Ant And The Unfair Claims Practices Act ("Complaint") in the First Judicial District, Bernalillo County, State of New Mexico, in Cause No. D-101-CV-2016-01933 (hereinafter "State Court Action") on September 27, 2016. (*See* Plaintiffs' First Amended Complaint, attached hereto as Exhibit A).

2.    In their Complaint, Plaintiffs allege they are residents of the State of New Mexico. (*Id.* at ¶ 1,2).

3.    Plaintiffs named Defendants Government Employees Insurance Company and as a Defendant.

4.    Plaintiffs named Michal Ellis as a Defendant in their Complaint.

5.    Plaintiffs named Darcell Elmore as a Defendant in their Complaint.

6.    Defendant asserts Defendants Government Employees Insurance Company and is incorporated and its principal place of business is in the state of Maryland.

7.    Defendant asserts upon information and belief Michal Ellis is a citizen of the state of Texas.

8.    Defendant asserts upon information and belief Darcell Elmore is a citizen of the state of Texas.

9.    Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

10.    GEICO accepted service on September 30, 2016.  (*See* Exhibit B).

11.    Less than thirty (30) days have passed since GEICO accepted service of the initial pleadings on this matter.

12.    As GEICO has accepted service and is the only defendant thus far served in this matter, 28 U.S.C. § 1446(b)(2)(A) is satisfied.  (*See* Register of Actions for the State Court Action, hereto attached as Exhibit C).

13.    Pursuant to Plaintiffs' allegations, the amount in controversy exceeds $75,000, as set forth in 28 U.S.C. §§ 1441(b)(2).

14. Pursuant to the attached documentation from Plaintiffs' counsel, dated January 13, 2016, the amount in controversy exceeds the jurisdictional amount of $75,000. *See also, Hanna v. Miller*, 163 F.Supp. 2d 1302, 1305-06 (D.N.M. 2001). (*See* Demand letter from Plaintiff counsel dated January 13, 2016 demanding $128,950.90 to settle Plaintiff Lisa Yazzie's claims and $134,787.50 to settle Plaintiff Ernest Yazzie's claims, hereto attached as Exhibit D.)

15. Pursuant to Plaintiffs' allegations, the amount in controversy exceeds $75,000, as set forth in 28 U.S.C. §§ 1441(b)(2).

16. Consistent with the allegations in Plaintiffs' First Amended Complaint, dated September 27, 2016, the amount in controversy exceeds the jurisdictional amount of $75,000. *(*See Complaint ¶53, 58, 64, 71, 75, and the Wherefore paragraph). Plaintiffs' Complaint seeks an award of punitive damages (Complaint ¶53, 58, 64, 75 and the Wherefore paragraph) While GEICO denies liability to Plaintiffs for compensatory or punitive damages, Plaintiffs' claim for punitive damages, could exceed the jurisdiction threshold for diversity jurisdiction. Additionally, Plaintiffs' Complaint seeks an award of attorney's fees. (Complaint, ¶ 71 and the Wherefore paragraph).

17. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See e.g., Laughlin v. Kmart Corp*, 50 p.3d, 871, 873 (10 Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*

320 U.S. 238, 240 (1943); *Watson v. Blakenship,* 30 F.3d 383, 386 (10 Cir.1994). This calculation also includes attorney's fees. *See Miera v. Dairyland Ins. Co.,* No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996)(denying remand of removed action based on availability of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act. *See also 14A Wright v. Miller, Federal Practice and Procedure,* §3712, at 176-78, and authorities cited therein; *Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F. 2d 534, 537 (5 Cir. 1990). The calculation also includes treble damages claims.

18.   In addition to actual damages in this case, Plaintiff is requesting attorney fees and costs, and punitive damages. Upon information and belief, Plaintiff will likely seek in excess of $50,000 in attorney's fees through the trial of this matter

19.   This case may be removed to this Court by GEICO pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

20.   By and through this Notice of Removal, GEICO removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

21.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiffs on this date.

22.   Pursuant to 28 U.S.C. § 1446(d), GEICO is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as Exhibit E.

23.   In addition to the Notice of Filing Notice of Removal in the State Court Action, GEICO is concurrently filing an Entry of Appearance in the State Court Action on this date, a copy of which is hereto attached as Exhibit F.

24.   Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

25.   A Civil Cover Sheet for this Court is hereto attached as Exhibit G.

**WHEREFORE**, the removing Defendant gives notice the above-styled action, which was pending in the First Judicial District, Bernalillo County, State of New Mexico, as Cause No. D-101-CV-2016-01933 is removed to this Court.

Respectfully submitted,

**CHAPMAN AND CHARLEBOIS, P.C.**

*/s/Jessica C. Singer*
Donna L. Chapman
Jessica C. Singer
P.O. Box 92438
Albuquerque, NM 87199
505-242-6000
donna@cclawnm.com
jessica@cclawnm.com
*Attorneys for GEICO*

And

**SIMONE, ROBERTS & WEISS, P.A.**

*/s/Stephen M. Simone*
Stephen M. Simone
1700 Louisiana Blvd. NE, Suite 240
Albuquerque, NM 87112
505-298-9400
ssimone@srw-law.com
*Attorney for GEICO as to the UIM Claims*

I HEREBY CERTIFY that on the 30th day of September, 2016, I filed the foregoing electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing

Nathan S. Anderson
Barber & Borg, LLC
P.O. Box 30745
Albuquerque, NM 87190-0745
505-884-0004
nathan@barberborg.com
*Attorney for Plaintiffs*


*/s/Jessica C. Singer*

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/27/2016 3:37:05 PM
STEPHEN T. PACHECO
Victoria Neal

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

LISA YAZZIE and
ERNEST YAZZIE

        Plaintiffs,

v.                              No.:  D-101-CV-2016-01933

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, DARCELL
ELMORE, and MICHAL ELLIS,

        Defendants.

### FIRST AMENDED
### COMPLAINT FOR DAMAGES FOR BREACH OF AN INSURANCE CONTRACT, DAMAGES FOR FRAUD AND MISREPRESENTATION, DAMAGES FOR BREACH OF IMPLIED CONTRACTUAL COVENANTS INCLUDING FIDUCIARY DUTY OF GOOD FAITH AND FAIR DEALING AND FIDUCIARY DUTY OF EQUAL CONSIDERATION, DAMAGES FOR WILLFUL VIOLATIONS OF THE INSURANCE TRADE PRACTICES AND FRAUDS ACT AND THE UNFAIR CLAIMS PRACTICES ACT

COMES NOW the Plaintiffs and makes the following averments:

### GENERAL JURISDICTION ALLEGATIONS

1.     Plaintiff Lisa Yazzie is a citizen of the state of New Mexico residing in or near Thoreau, New Mexico.

2.     Plaintiff Ernest Yazzie is a citizen of the state of New Mexico residing in or near Thoreau, New Mexico

3.     The Defendant Government Employees Insurance Company (hereinafter referred to as "GEICO") is a foreign corporation of insurance doing business within the state of New Mexico.

4.     The Defendant Michal Ellis is an adjuster of GEICO and a direct employee of GEICO.

1



EXHIBIT
A

5.     The Defendant Darcell Elmore is an adjuster of GEICO and a direct employee of GEICO.

6.     GEICO did business in the state of New Mexico by issuing and delivering to Ernest Yazzie and Lisa Yazzie, a policy of insurance for a vehicle garaged in New Mexico, and by attempting to "adjust" Plaintiffs' claims under that policy.

7.     GEICO knew at the time of issuing the policy that the Plaintiffs resided within the state of New Mexico and that the policy would provide coverage to the Plaintiffs while operating their vehicle, and provide coverage to permissive users of the Plaintiffs' vehicle.

8.     Further or alternatively, Ellis, Elmore and GEICO stand respectively in the position of principal and agent.

9.     Upon information and belief, Defendant Michal Ellis ["Ellis"] is an employee of GEICO and, a resident of California.   At all material times, Ellis was and is engaged in the evaluation and payment of Plaintiffs' UM bodily injury ["UMBI"] claim.

10.     Upon information and belief, Defendant Darcell Elmore ["Elmore"] is an employee of GEICO and, a resident of California.   At all material times, Elmore was and is engaged in the evaluation and payment of Plaintiffs' UM bodily injury ["UMBI"] claim.

11.     Defendants promised its insureds protections afforded to New Mexico citizens under the applicable laws of the State of New Mexico.

12.     This action is brought pursuant to: a) the public policy, statutory mandate, and the express/implied duties of an insurer issuing statutorily mandated UMBI coverage; b) the public policy and purposes of the New Mexico Insurance Code ["the Insurance Code"], NMSA 1978 § 59A-1-1, et seq., which is to promote ethical claims handling practices by insurers operating in New Mexico; c) the New Mexico Insurance Trade Practices and Frauds Act ["ITPFA"], NMSA 1978 § 59A-16-1, et seq.; and d) the New Mexico Unfair Claims Practices Act ["UCPA"], NMSA 1978 §

2

59A-16-20, subsections E and G.

13.    The state of New Mexico has an interest in protecting its members from unfair business practices, fraud, breach of contract, and other tortious conduct.

14.    The New Mexico Courts have jurisdiction over these Defendants because they acted directly or by an agent, as to a cause of action for relief arising from the person's transacting business in the state of New Mexico, caused tortious injury by an act or omission within New Mexico, contracted at any place to supply services or things within the state of New Mexico, contracted to insure any person, property or risk located within the New Mexico, and committed actions or inactions outside the state of New Mexico which caused actual injury or damage within New Mexico, where such injury or damage was reasonably foreseeable.

<u>**GENERAL FACTUAL ALLEGATIONS**</u>

15.    At all times alleged herein, the Plaintiffs were insured under an UM/UIM policy issued by GEICO ["the policy"].

16.    The policy was issued by GEICO to the Plaintiffs.  Mr. Ernest Yazzie was a passenger in the vehicle while it was operated by Lisa Yazzie.  Plaintiffs are therefore an "insured" for all UMBI coverage provided by the policy and applicable to the crash.

17.    On or about January 17, 2015, Plaintiffs were injured in an automobile crash ["the crash"] caused solely by the negligence of Patricia Brown or a permissive user of Ms. Brown's vehicle.

18.    At the time of the crash, Ms. Brown or the permissive user of her vehicle operated a motor vehicle owned by Patricia Brown in a careless manner which was a direct and proximate cause of the crash.

19.    Plaintiffs were not negligent and did not cause the crash.

20.    As a direct and proximate result of Patricia Brown's negligent driving which caused

3

the crash, Plaintiffs suffered serious personal injuries.

21.     As a direct and proximate result of Patricia Brown's negligent driving which caused the crash, Plaintiffs have further sustained substantial damages including both pecuniary and non-pecuniary damages, all of which they are legally entitled to recover from Ms. Patricia Brown.

22.     Patricia Brown's vehicle did not have valid insurance at the time of the crash.

23.     As a direct and proximate result of the willful, wanton, and reckless conduct of Patricia Brown, Plaintiffs are entitled to recover compensation for the damages they suffered.

24.     Patricia Brown did not maintain insurance for the vehicle driven on the date of the crash with any insurance company and had no bodily injury coverage available to the Plaintiffs.

25.     Lisa Yazzie was a covered operator of the vehicle carrying a policy which insured two vehicles with GEICO, with $25,000/$50,000 of uninsured motorist coverage.

26.     Ernest Yazzie was the passenger of a vehicle carrying a policy which insured two vehicles with GEICO, with $25,000/$50,000 of uninsured motorist coverage.

27.     Defendants represented to the Plaintiffs that insureds had $50,000 each of available UMBI coverage following the notification that Ms. Brown did not have any insurance available to the Plaintiffs.

28.     Defendants promised to pay UMBI benefits under the policy for all injuries and damages Plaintiffs sustained as a direct and proximate result of the accident and that they were not compensated for in prior settlements.

29.     Plaintiffs have complied with all the terms and conditions required under the policy to obtain prompt, full and fair payment of their claims as described and alleged herein.

30.     Defendants chose not to investigate and process Plaintiffs claim in a timely manner.

31.     Defendants and its agents/employees did knowingly, fraudulently, and with the intent to deceive Plaintiffs to their detriment, misrepresent the UMBI coverage provided under its

4

policy to be a true casualty coverage when in fact GEICO and its agents/employees knew and intended to illegally substitute a defined benefit coverage for the casualty UMBI coverage promised in the policy and mandated by New Mexico law.

32.    Defendants know the defined benefit UMBI coverage it intended to provide to Plaintiffs in this case is substantially less valuable than the UMBI casualty coverage promised in the policy and mandated by New Mexico law.

33.    Defendants' fraudulent substitution of a defined benefit UMBI coverage in place of the casualty UMBI coverage promised in the policy and mandated by New Mexico law constitutes a willful, malicious and reckless breach of the insurance contract which has, and will continue to, proximately cause Plaintiffs to suffer actual, foreseeable damages.

34.    Defendants, its employees and agents knew and acknowledged Plaintiffs were entitled to UMBI coverage and benefits under the policy.

35.    On or about January 13, 2016, prior to the filing of this case, Plaintiffs Lisa Yazzie and Ernest Yazzie made a written claim for payment of UMBI benefits under the policy.

36.    Acting through Ellis and/or Elmore, GEICO rejected Plaintiffs' offer by disputing various conditional language of the offer. GEICO rejected Plaintiffs on January 25, 2016.

37.    There are UMBI benefits due to Plaintiffs under the policy which Defendants know cannot be reasonably disputed, for which GEICO's liability to Plaintiffs are reasonably clear, and which GEICO has unreasonably [and in bad faith] refused, and continues to refuse, to pay.

38.    Defendants have maliciously, deliberately and willfully refused to pay Plaintiffs UMBI benefits under the policy with the intent to force Plaintiffs to institute this litigation—and to litigate their legitimate claim through verdict—as the only means available to them to achieve payment of UMBI benefits due under the policy.

39.    Upon information and belief, Defendants are intentionally, willfully and maliciously

forcing Plaintiffs to litigate their right to UMBI benefits due under the policy pursuant to an institutional policy maliciously intended to cause Plaintiffs needless expense and thereby delay payment in order to extort and harass Plaintiffs into accepting less than the full amount of UMBI benefits reasonably due under the policy.

40. Defendants promised to pay their insureds, Lisa Yazzie and Ernest Yazzie, the same amount that the uninsured driver would be required to pay.

41. Defendants failed and refused to keep their promise to pay the amount that Lisa Yazzie and Ernest Yazzie would be entitled to recover from the owner and operator of the vehicle that crashed into them.

42. Defendants' failure and refusal to pay the amount that they had promised to pay was a breach of their contract of insurance and was done willfully, wantonly, and with reckless disregard for the rights of the Plaintiffs.

43. Defendant Ellis and/or Elmore's actions were done with approval, encouragement and ratification of GEICO.

44. Defendants had a duty to its insureds, including Plaintiffs, to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under its policies.

45. Defendants failed to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiffs' claims.

46. Defendants' failure and refusal to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiffs' claims were malicious, deliberate and in reckless disregard of Plaintiffs' rights.

47. Defendants' refusal to pay Plaintiffs UMBI benefits under the policy without implementing and conducting a reasonable investigation as to the amount of actual damages the

6

owner and operator of the uninsured auto would have had to pay violates GEICO's common law duties of good faith, fair dealing and equal consideration implied by law in every New Mexico UM policy.

48.      Defendants' intentional, deliberate refusal to pay, Plaintiffs' claim for damages against Patricia Brown as part of the UMBI policy benefits lawfully due to them under the policy constitutes a prima facie unfair, deceptive or fraudulent practice in violation of the ITPFA and the UCPA.

### COUNT I – COMMON LAW BREACH OF AN INSURANCE CONTRACT

49.      Plaintiffs incorporate by reference all of the allegations made herein, whether made above or below, as though fully set forth here.

50.      As an insured, Plaintiffs are third-party beneficiaries to the insurance contract between GEICO and the Plaintiffs, Lisa Yazzie and Ernest Yazzie.

51.      Defendant's actions described in detail herein constitute intentional, malicious and reckless breaches of its contractual and statutory duties owed to Plaintiffs under the policy.

52.      Plaintiffs have sustained foreseeable consequential damages as a direct and proximate result of Defendants' intentional, malicious and reckless breaches of its contractual and statutory duties all of which Plaintiffs are entitled to recover from GEICO in this case.

53.      Plaintiffs are entitled to an award of punitive damages in order to punish Defendants' intentional, malicious and reckless conduct in this case to deter similar conduct in the future.

### COUNT II – FRAUD AND/OR MISPREPRESENTATION

54.      Plaintiffs incorporate by reference all of the allegations made herein, whether made above or below, as though fully set forth here.

55.      Defendants' actions described in detail herein constitute knowing, intentional,

7

malicious and/or reckless acts of fraud and misrepresentation perpetrated upon Plaintiffs with the intent to deceive or mislead in violation of GEICO's fiduciary duties owed by it, and its agents and employees, to Plaintiffs in all its dealings with Plaintiffs.

56.     Plaintiffs' claims for knowing, intentional, malicious and/or reckless acts of fraud and misrepresentation arise out of GEICO's actions, through its agents and employees, during the sale of this policy and the handling of this claim. To comply with Rule 9 of the New Mexico Rules of Civil Procedure, and aver Plaintiffs' claims of fraud and misrepresentation with particularity, Plaintiffs here specifically incorporates by reference the allegations of ¶¶ 15-48.

57.     Plaintiffs have sustained compensable and foreseeable compensatory damages in amounts to be proved at trial as a direct and proximate result of the fraudulent acts and/or misrepresentations by Defendants and its agents or other employees all as alleged above.

58.     The fraudulent acts and/or misrepresentations by Defendants and its agents or other employees alleged above were willful, wanton, malicious, intentional and/or reckless thereby entitling Plaintiffs to an award of punitive damages in amounts sufficient to punish Defendants for these acts and to deter similar conduct by GEICO, its agents and employees in the future.

### COUNT III - COMMON LAW BAD FAITH VIOLATION OF THE IMPLIED COVENANT AND FIDUCIARY DUTY OF GOOD FAITH AND FAIR DEALING

59.     Plaintiffs incorporate by reference all of the allegations made herein as though fully set forth here.

60.     Defendants' actions described in detail herein constitute knowing, intentional, malicious and/or reckless violations of the implied covenants and fiduciary duties of equal consideration, good faith, and fair dealing with Plaintiffs.

61.     All of Defendants' duties to Plaintiffs described hereinafter are non-delegable duties so that GEICO is jointly and severally liable to Plaintiffs for each and every violation of these duties

whether committed directly by GEICO or by any of its agents or employees including, but not limited to, Ellis and/or Elmore.

62.     Defendants' actions as described above constituted an intentional, willful, malicious, wanton and/or reckless violation of the implied covenants and fiduciary duties of equal consideration, good faith, and fair dealings, which it owed to Plaintiffs.

63.     As a direct result of Defendants' violation of the implied covenants and fiduciary duties of equal consideration, good faith, and fair dealing, Plaintiffs have suffered compensatory damages in amounts to be proved at trial.

64.     The actions of Defendants were, and continue to be done, knowingly, willfully, intentionally, maliciously and/or recklessly and entitle Plaintiffs to an award of punitive damages in amounts sufficient to punish Defendants for its actions and to deter similar conduct in the state of New Mexico.

## COUNT IV - WILLFUL VIOLATIONS OF
## INSURANCE TRADE PRACTICES AND FRAUDS ACT
## AND THE UNFAIR CLAIMS PRACTICES ACT

65.     Plaintiffs incorporate by reference all of the allegations made herein, whether made above or below, as though fully set forth here.

66.     Plaintiffs fall within the class of persons for whose benefit and protection the ITPFA and the UCPA were enacted.

67.     Defendants' promised Plaintiffs it would follow the law as set forth in the ITPFA and UCPA.

68.     The actions of Defendants' described herein constitute knowing, willful, deliberate, wanton, intentional and malicious violations of the ITPFA and the UCPA.

69.     Upon information and belief, the actions of Defendants described herein were performed with such general and deliberate frequency as to constitute a general business practice.

70.     As a direct result of the violations of the ITPFA and the UCPA by Defendants, Plaintiffs have suffered compensatory damages in amounts to be proved at trial.

71.     As a result of the violations of the ITPFA and the UCPA described therein, Plaintiffs are entitled to an award of reasonable attorney fees for the bringing of this action.

## COUNT V - MALICIOUS ABUSE OF PROCESS

72.     Plaintiffs incorporate by reference all of the allegations made herein as though fully set forth here.

73.     Defendants have improperly, maliciously and intentionally abused, and will continue to improperly, maliciously and intentionally abuse, the processes and procedures of this Court [including but not limited to motions and discovery processes and procedures] to achieve a purpose for which these processes and procedures were never intended, i.e., GEICO's intent to improperly, maliciously and intentionally abuse these litigation processes and procedures to delay, harass and extort Plaintiffs into accepting less than the full amount of UMBI policy benefits due to them.

74.     As a direct and proximate result of Defendants' malicious abuse of process Plaintiffs have suffered, and will continue to suffer, compensatory damages in amounts to be proved at trial.

75.     Defendants' malicious abuse of this Court's processes were, and will continue to be, knowing, willful, intentional, malicious or reckless and entitle Plaintiffs to an award of punitive damages in amounts sufficient to punish them and to deter similar conduct in the future in the state of New Mexico .

WHEREFORE Plaintiffs pray this Court for its judgment as follows:

A.     For compensatory damages sustained by Plaintiffs as a result of the acts of Defendants herein, jointly and severally.

B.     For punitive damages in an amount sufficient to punish for the wrongful conduct alleged herein and sufficient to deter Defendants from continuing to commit such wrongful acts,

10

practices and/or frauds in the future.

      C.      For an award of reasonable attorney fees and costs incurred herein.

      D.      For pre and post-judgment interest at the rate of 15% per annum.

      E.      For such other and further relief as the Court may deem just under the circumstances.

Respectfully submitted,
**BARBER & BORG, LLC**


By:    */s/ Nathan S. Anderson*_____
      Nathan S. Anderson
      **ATTORNEYS FOR PLAINTIFFS**
      P.O. Box 30745
      Albuquerque, NM  87190-0745
      3816 Carlisle Blvd, NE Suite C (87107)
      (505) 884-0004
      (505) 884-0077 (fax)

## STATE OF NEW MEXICO
## OFFICE OF THE SUPERINTENDENT OF INSURANCE

### CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

D-101-CV-2016-01933

LISA YAZZIE and ERNEST YAZZIE,
    Plaintiff(s),

vs.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO GENERAL INSURANCE
COMPANY, and MICHAL ELLIS,
    Defendants.

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a
copy of a Summons, Jury Demand, and General Jurisdiction Allegations to Defendant Government
Employees Insurance Company was sent to Defendant GOVERNMENT EMPLOYEES INSURANCE
COMPANY on August 29, 2016 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was
received by said company on September 1, 2016 as shown by return receipt by Postmaster.

In

hereunto set my official seal
on this 2nd day of September, 2016

*John D. Franchini*

Superintendent of Insurance

EXHIBIT
B
tabbies


Skip to Main Content Logout My Account Search Menu New Civil Probate Family Search Refine Search Back       Location : Santa Fe County     Images Help

# REGISTER OF ACTIONS
## CASE NO. D-101-CV-2016-01933

| | | | | |
|---|---|---|---|---|
| Lisa Yazzie, et. al., v. Government Employees Insurance Company, et. al. | § § § § § § | | Case Type: | Civil Violations, Statutes, Ordinances |
| | | | Date Filed: | 08/10/2016 |
| | | | Location: | Santa Fe County |
| | | | Judicial Officer: | Mathew, Francis J. |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Ellis, Michal** | |
| Defendant | **GEICO General Insurance Company** | |
| Defendant | **Government Employees Insurance Company** | |
| Plaintiff | **Yazzie, Ernest** | Nathan S. Anderson<br>*Retained*<br>505-884-0004(W) |
| Plaintiff | **Yazzie, Lisa** | Nathan S. Anderson<br>*Retained*<br>505-884-0004(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 08/10/2016 | **Cause Of Actions** | Breach of Contract (Count I - Common Law Breach of an Insurance Contract) |
| | Action Type | Action |
| 08/10/2016 | **Cause Of Actions** | Misrepresentation, Fraud (Count II - Fraud and/or Misrepresentation) |
| | Action Type | Action |
| 08/10/2016 | **Cause Of Actions** | Bad Faith (Count III - Common Law Bad Faith Violation of the Implied Covenant and Fiduciary Duty of Good Faith and Fair Dealing) |
| | Action Type | Action |
| 08/10/2016 | **Cause Of Actions** | Insurance Code (Count IV - Willful Violations of Insurance Trade Practices and Frauds Act and The Unfair Claims Practices Act) |
| | Action Type | Action |
| 08/10/2016 | **Cause Of Actions** | Bad Faith (Count V - Malicious Abuse of Process) |
| | Action Type | Action |
| 08/10/2016 | OPN: COMPLAINT | |
| | | *Complaint for Damages for Breach of an Insurance Contract, Damages for Fraud and Misrepresentation, Damages for Breach of Implied Contractual Covenants Including Fiduciary Duty of Good Faith and Fair Dealing and Fiduciary Duty of Equal Consideration, Damages for Willful Violations of the Insurance Trade Practes and Frauds Act and the Unfair Claims Practics Act* |
| 08/10/2016 | JURY DEMAND 12 PERSON | |
| | | *Jury Demand* |
| 08/12/2016 | SUMMONS ISSUED | |
| | | *Summons - GEICO General Insurance Company* |
| 08/12/2016 | SUMMONS ISSUED | |
| | | *Summons - Government Employees Insurance Company* |
| 08/19/2016 | SUMMONS ISSUED | |
| | | *Summons to Michal Ellis* |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Yazzie, Lisa | | | |
| | Total Financial Assessment | | | 432.00 |
| | Total Payments and Credits | | | 432.00 |
| | **Balance Due as of 09/23/2016** | | | **0.00** |
| 08/11/2016 | Transaction Assessment | | | 432.00 |
| 08/11/2016 | File & Serve Payment | Receipt # SFED-2016-8233 | Yazzie, Lisa | (432.00) |

**EXHIBIT C** tabbies

01 18 16

Paul D. Barber & Scott E. Borg
**BARBER & BORG, LLC**
3816 Carlisle Blvd. NE, Suite C
P.O. Box 30745
Albuquerque, NM 87190-0745
Office: (505) 884-0004 / Fax: (505) 884-0077
Email: nathan@barberborg.com

January 13, 2016

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
Attn:  Michal Ellis
GEICO
PO Box 509105
San Diego, CA 92150-9930

Re:    Our Clients:          Ernest Yazzie
                             Lisa Yazzie
       Your Insured:         Ernest Yazzie
       Date of Incident:     January 17, 2015
       Claim No.:            014015570-0101-036

---

# TIME LIMITED OFFER OF SETTLEMENT

---

Dear Ms. Ellis:

As you know, this office represents Mr. Ernest Yazzie and Mrs. Lisa Yazzie for injury claims resulting from a motor vehicle collision which occurred on January 17, 2015 on New Mexico 122 and New Mexico 412. Mr. and Mrs. Yazzie have been treated for the injuries they sustained as a result of this collision. At this time, our clients have indicated they are willing to settle their claims for the policy limits. This settlement offer is conditioned on the following terms:

1. Your tender to this office a check made payable to Ernest Yazzie and Barber & Borg, LLC; Lisa Yazzie and Barber & Borg, LLC by 5:00pm local time by February 15, 2016.

2. In consideration of the check, Mr. Ernest Yazzie and Mrs. Lisa Yazzie will sign and we will send to you the release in the form enclosed with this letter.

## FACTS

On January 17, 2015, Mrs. Lisa Yazzie and Mr. Ernest Yazzie, were travelling westbound on New Mexico 122 (hereinafter referred to as "NM122"). As Mrs. Yazzie travelled passed the intersection of New Mexico 412 (hereinafter referred to as "NM412"), a vehicle travelling eastbound on NM 122, crossed the center line and



EXHIBIT
D
tabbies

crashed into the Yazzies.  Four (4) individuals fled the scene of the crash on foot immediately following the impact.  The crash caused physical injuries to both, Mr. and Mrs. Yazzie.

At impact, Mrs. Lisa Yazzie felt excruciating pain to her left wrist and her left leg. Lisa also received a bruise to her abdomen and chest from her safety belt.  Mr. Ernest Yazzie had immense pain to his neck and lower back.  Emergency medical technicians arrived at the scene of the crash and examined the Yazzies.

Please see the enclosed crash report and the supplemental page to the report.

## TORTFEASOR LIABILITY

Ernest and Lisa Yazzie have the right to assume that other drivers will obey the law.  It is the duty of every operator of a vehicle, at all times, to keep a proper lookout and to maintain proper control of his/her vehicle to avoid placing others in danger and to prevent collisions.  Every licensed driver has a duty to follow the rules of the road, including the driver who fled the scene.  In this incident, the opposing driver failed to remain alert and attentive while operating his/her motor vehicle.  He/she failed to maintain his/her lane of travel.  The opposing driver negligently failed to use ordinary care in operating his/her motor vehicle, causing serious physical injuries to Lisa and Ernest Yazzie.

It is against the law to operate a motor vehicle under the influence of alcohol. The unknown driver acted with willful, reckless, and wanton disregard for the safety of others, including Lisa and Ernest Yazzie, when he/she drove a vehicle while intoxicated. Mr. and Mrs. Yazzie are entitled to recover punitive damages for the actions of the driver and owner of the vehicle which caused the crash.  Mr. and Mrs. Yazzie are entitled to be made whole for all of the injuries caused by the unknown opposing driver.

Drunk driving in the State of New Mexico is a serious and well-known problem. In 2015, approximately 40% of all crashes were alcohol related.  New Mexico juries are increasingly intolerant of drunk drivers and those that enable drunk drivers.   A reasonable estimate of the punitive damages a New Mexico jury would award to a Plaintiff injured by a drunk driver is $50,000 to $250,000.

## UNDERINSURED MOTORIST COVERAGE

Ernest Yazzie insured their Chevy Silverado involved in the crash, with $25k/50k of UIM coverage, with Geico Insurance Co., in addition to their Nissan Altima.  Lisa and Ernest Yazzie are insured under the terms of the policy.  The total available UIM coverage available under the policy is $50,000.00 each.  This amount is vastly inadequate to compensate Lisa and Ernest Yazzie for their injuries.

The vehicle driven by this tortfeasor was not insured.  The Yazzies will not recover anything from the tortfeasor or any other UIM insurance policy.  As you know, Geico promised to pay it's insureds everything that the tortfeasor would be required to

2

01 18 16

pay. UIM coverage includes punitive damages, and an insured may recover punitive damages from his/her insurer if he/she would be legally entitled to recover them from the underinsured or uninsured tortfeasor. *Stewart v. State Farm Mut. Auto. Ins. Co.,* 726 P.2d 1374 (N.M. 1986). Geico has a duty to pay whatever punitive damages a jury would award against a tortfeasor.

## MEDICAL TREATEMENT AND EXPENSES

### Ernest Yazzie

Immediately following the crash, Mr. Ernest Yazzie had complaints of neck and lower back pain. Mr. Yazzie was examined at the scene by emergency medical technicians.

Mr. Yazzie was hopeful his pain would subside over time. After several weeks he was hurting. Mr. Yazzie presented to Thoreau Health Station for examination of his injuries on February 24, 2014. When Mr. Yazzie presented to Thoreau, he described having pain to the back of his head, mid-back, radiating leg pain, and hip pain since the crash. During the examination, Mr. Yazzie stated that when he sneezes or coughs, his pain increases. Mr. Yazzie had a CT scan of his neck performed during this visit. Mr. Yazzie was prescribed a muscle relaxer for the pain he was experiencing.

In late April 2015, Mr. Yazzie continued to have pain and sought treatment from Family First Chiropractic. When Mr. Yazzie went to his first appointment, he was evaluated. During the evaluation, he described having pain to his neck and lower back pain at the right sacro-iliac joint. Mr. Yazzie was diagnosed with a chronic strain/sprain of the cervical, thoracic and lumbar spine with associated joint dysfunction with mild to moderate myohyertonicity of the cervical, thoracic and lumbar paraspinal muscles. Mr. Yazzie went to 17 total appointments over the course of twelve weeks at Family First Chiropractic.

Mr. Yazzie continued his treatments through the end of August 2015. Throughout his treatment with Family First Chiropractic, Ernest continued to have pain but it steadily reduced. Ernest attended his appointments consistently.

Mr. Yazzie continues to have some residual back pain and neck pain. Ernest continues to perform his stretches and home exercises to reduce his pain.

Please refer to Mr. Yazzie's medical records and billing records from Thoreau Health Station and Family First Chiropractic.

### Lisa Yazzie

Immediately following the crash, Mrs. Yazzie complained of left leg pain and left wrist pain. She was examined at the scene by emergency medical technicians.

3

01 18 16

The following day, Mrs. Yazzie presented to Gallup Indian Medical Center with complaints of neck, chest, abdominal, left arm and left leg pain. Mrs. Yazzie was diagnosed with an anterior cervical neck abrasion, cervical spine soft tissue strain, chest wall contusion and an abdominal wall contusion. She was given a prescription for loratab and flexeril for her pain.

Mrs. Yazzie returned to Gallup Indian Medical Center approximately four (4) days later complaining of unchanged pain to her left wrist. Mrs. Yazzie was instructed to ice her chest and lower leg. Mrs. Yazzie had CT scans of her head, cervical spine, chest/abdomen, pelvis and x-rays of her left wrist and left tibia and fibula.

On January 26, 2015, Lisa also went to Crownpoint Healthcare Facility where she complained of right shoulder pain and right extremity pain. During the January 26, 2015 visit to Crownpoint, she was diagnosed with a right hip contusion and lower left extremity contusion.

In May, Mrs. Yazzie went to Family First Chiropractic for her ongoing pain. During her initial evaluation, Mrs. Yazzie complained of lower back pain which radiates to her right hip and ankle and she also reported having left knee pain. Family First developed a treatment plan for Mrs. Yazzie. Her treatment plan consisted of manual therapy, massage therapy, electrical muscle stimulation, along with icing her injuries and daily stretching. Lisa's treatment with Family First Chiropractic concluded at the end of August 2015.

Please see the medical records and billing records for Gallup Indian Medical Center, Crownpoint Healthcare Facility and Family First Chiropractic.

## LOST WAGES

### Lisa Yazzie

Mrs. Yazzie was employed with the Navajo Nation. She worked as an office specialist. Following the crash, Mrs. Yazzie was forced to take time off of work due to the pain she was in and to attend medical appointments. Mrs. Yazzie used her vacation and sick leave to cover the time she was forced to miss due to her injuries and medical appointments. Mrs. Yazzie was paid approximately $11.60 per hour. She missed a total of 334 hours of work. Lisa is entitled to be reimbursed $3,874.40 for the time she was forced to take off of work.

Please see attached wage documentation.

4

01 18 16

## PAIN & SUFFERING AND NATURE, EXTENT
## AND DURATION OF INJURIES

### Ernest Yazzie

Ernest has had a particularly difficult time recovering from the injuries he sustained as a result of the crash. Mr. Yazzie had pain to his back and regular headaches following the crash.

Mr. Yazzie was unable to find any comfort in the days following the crash. He was unable to work, do chores or other activities because of his muscle pain and headaches. In the time between his crash and his first appointment with Dr. Carpenter, Mr. Yazzie had difficulty performing most of his daily, routine tasks.

Mr. Yazzie is retired and finds pleasure in filling his retirement time with farming, gardening, playing with his grandchildren, hauling wood, other outdoor activities and chores. Mr. Yazzie was forced to modify his routines to accommodate the pain and aches he was experiencing and continues to experience.

Due to the injuries Mr. Yazzie suffered, he was not able to perform his normal daily activities.

### Lisa Yazzie

Mrs. Yazzie was gainfully employed with the Navajo Nation at the time this crash occurred. Mrs. Yazzie's daily routine and work duties were affected by the injuries she sustained. As an office specialist she spends much of her days sitting at a desk. Given Lisa's injuries to her back and right knee, her job presented her with great challenges in finding comfortable positions while completing her day's work. It was often too painful for her to work.

Mrs. Yazzie's injuries and subsequent pain hindered her abilities to complete her household chores such as doing the laundry, washing dishes, cleaning her house, and cooking. Lisa's pain made it difficult for her to play with her grandchildren.

Lisa's injuries took a particularly long time to improve. She had bruising from the seat belt for over six months. This bruising was particularly painful and interrupted her sleep.

Mrs. Yazzie's injuries prevented her from doing her normal activities and forced her to ask relatives for help, push through the pain, or not take care of her responsibilities altogether.

## DAMAGES

Mr. and Mrs. Yazzie are entitled to be compensated for all of the harms and losses caused by the tortfeasor's negligence. Their medical expenses must be reimbursed

01 18 16

to IHS and to Family First Chiropractic.  Their damages, as a result of the collision, are as follows:

**Lisa Yazzie**

| | |
|---|---|
| Gallup Indian Medical Center | $ 700.00 |
| Crownpoint Healthcare Facility | $ 700.00 |
| Family First Chiropractic | $ 1,176.50 |
| Lost Wages | $ 3,874.40 |
| Pain and Suffering | $ 10,000.00 |
| Mental and Emotional anguish | $ 2,500.00 |
| Nature, extent and duration of injury | $ 10,000.00 |
| Punitive Damages | $100,000.00 |
| **TOTAL** | **$128,950.90** |

**Ernest Yazzie**

| | |
|---|---|
| Thoreau Health Station | $ 350.00 |
| Family First Chiropractic | $ 1,937.50 |
| Pain and Suffering | $ 15,000.00 |
| Mental and Emotional anguish | $ 2,500.00 |
| Nature, extent and duration of injury | $ 15,000.00 |
| Punitive Damages | $100,000.00 |
| **Total** | **$134,787.50** |

## CONCLUSION

Mr. and Mrs. Yazzie offer to settle their claims for the policy limits.  This is your only opportunity to settle for the policy limits.  Time is of the essence.  In order to accept this offer you must tender a check payable to Lisa Yazzie and Barber & Borg, LLC and Ernest Yazzie and Barber & Borg, LLC no later than __February 15, 2016.

01 18 16

I believe we have provided you with the necessary information and documentation for you to fairly and promptly evaluate Mr. and Mrs. Yazzie's claims. Should you seek additional information, please contact our office within 7 days of receiving this offer. Otherwise, I will assume you have what you need.

I trust you will find this offer fair and reasonable. Should you have any other questions, please contact our office in writing [via e-mail, fax or letter]. Thank you.

Sincerely,

BARBER & BORG, LLC

*Nathan S. Anderson*

Nathan S. Anderson

NSA/em
Enclosures:     as stated

7

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**LISA YAZZIE and**
**ERNEST YAZZIE,**

    **Plaintiffs,**

**v.**                          **Cause No. D-101-CV-2016-01933**

**GOVERNMENT EMPLOYEES**
**INSURANCE COMPANY, DARCELL**
**ELMORE and MICHAL ELLIS,**

    **Defendants.**

### NOTICE OF FILING OF REMOVAL

PLEASE TAKE NOTICE that Defendant Government Employees Insurance Company ("GEICO"), by and through its counsel of record, Chapman and Charlebois, P.C., (Donna L. Chapman and Jessica C. Singer) for extra-contractual claims and Simone, Roberts and Weiss, P.A. (Stephen M. Simone), has filed a Notice of Removal in the United States District Court for the District of New Mexico.  A true and correct copy of the Notice of Removal, attached to this Notice as Exhibit "1" was emailed to:

Nathan S. Anderson
Barber & Borg, LLC
P.O. Box 30745
Albuquerque, NM 87190-0745
505-884-0004
nathan@barberborg.com
*Attorney for Plaintiffs*

                  Respectfully submitted,

                  **CHAPMAN AND CHARLEBOIS, P.C.**

                  Donna L. Chapman
                  Jessica C. Singer
                  P.O. Box 92438
                  Albuquerque, NM 87199
                  505-242-6000
                  donna@cclawnm.com
                  jessica@cclawnm.com
                  *Attorneys for Defendant GEICO*



EXHIBIT
E

And

**SIMONE, ROBERTS & WEISS, P.A.**

/s/Stephen M. Simone
Stephen M. Simone
1700 Louisiana Blvd. NE, Suite 240
Albuquerque, NM 87112
505-298-9400
ssimone@srw-law.com
*Attorney for GEICO as to the UIM Claims*

I HEREBY CERTIFY that on the 30 day of September, 2016, I filed the foregoing electronically through Odyssey File & Service, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Nathan S. Anderson
Barber & Borg, LLC
P.O. Box 30745
Albuquerque, NM 87190-0745
505-884-0004
nathan@barberborg.com
*Attorney for Plaintiffs*

Jessica C. Singer

2

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

**LISA YAZZIE and
ERNEST YAZZIE,**

     **Plaintiffs,**

**v.**                               **Cause No. D-101-CV-2016-01933**

**GOVERNMENT EMPLOYEES
INSURANCE COMPANY, DARCELL
ELMORE and MICHAL ELLIS,**

     **Defendants.**

## ENTRY OF APPEARANCE

     Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer) for extra-contractual claims and Simone, Roberts and Weiss, P.A. (Stephen M. Simone) for the underinsured motorist claims hereby enter their appearance on behalf of Defendant Government Employees Insurance Company.  Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

               Respectfully submitted,

               **CHAPMAN AND CHARLEBOIS, P.C.**

               Donna L. Chapman
               Jessica C. Singer
               P.O. Box 92438
               Albuquerque, NM 87199
               505-242-6000
               donna@cclawnm.com
               jessica@cclawnm.com
               *Attorneys for Defendant*
               *Government Employees Insurance Company*

               And



EXHIBIT
**F**

**SIMONE, ROBERTS & WEISS, P.A.**

/s/Stephen M. Simone
Stephen M. Simone
1700 Louisiana Blvd. NE, Suite 240
Albuquerque, NM 87112
505-298-9400
ssimone@srw-law.com
*Attorney for GEICO as to the UIM Claims*

I HEREBY CERTIFY that on the 30th day of September, 2016, I filed the foregoing electronically through Odyssey File & Service, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Nathan S. Anderson
Barber & Borg, LLC
P.O. Box 30745
Albuquerque, NM 87190-0745
505-884-0004
nathan@barberborg.com
*Attorney for Plaintiffs*

Jessica C. Singer

2

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LISA YAZZIE and
ERNEST YAZZIE,

## DEFENDANTS
GOVERNMENT EMPLOYEES
INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff   McKinley
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Maryland
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nathan S. Anderson
Barber & Borg, LLC, P.O. Box 30745
Albuquerque, NM 87190-0745 (505) 884-0004

Attorneys *(If Known)*
Donna L. Chapman/Jessica Singer
CHAPMAN AND CARLEBOIS, P.C., 1400 OSUNA NE, STE 2-203
Albuquerque, NM 87109 (505) 242-6000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☒ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332, 1441, 1441(b), 1446 and 1446(b)(2)(A)
Brief description of cause:
Personal Injury, UM/UIM

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   9/30/16

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

EXHIBIT
G

tabbies