IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA YAZZIE and ERNEST YAZZIE,
                Plaintiffs,

v.                                                           No. 1:16-cv-01085-KK-LF

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
DARCELL ELMORE and MICHAL ELLIS,
                Defendants.

### DEFENDANTS DARCELL ELMORE AND MICHAL ELLIS' MOTION TO DISMISS

Defendants Darcell Elmore and Michal Ellis (hereinafter "Elmore" and "Ellis" or "Defendants"), by and through their attorneys, Perry Law, P.C. (Meloney Perry and Stacy Thompson), hereby submit their Motion to Dismiss (hereinafter "Motion") pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(5). As grounds for the Motion, Defendants state Plaintiffs Lisa Yazzie and Ernest Yazzie (hereinafter "Plaintiffs") have failed to serve Defendants with the summons and complaint and, thus, there is an insufficiency of service of process. Accordingly, the Court lacks personal jurisdiction over Defendants Elmore and Ellis, and the claims against Defendants should be dismissed. In further support thereof, Defendants state as follows:

### I. INTRODUCTION AND STATEMENT OF FACTS

1. Plaintiffs filed their Complaint for Underinsured Motorist Coverage Benefits, fraud/misrepresentation, bad faith violation of the duty of good faith and fair dealing, violations of the New Mexico Insurance Trade Practices and Frauds Act and New Mexico Unfair Claims Practices Act, and malicious abuse of process, (hereinafter "Complaint") on August 10, 2016, naming Government Employees Insurance Company and Ellis as Defendants. (Doc. 10, P. 3)

2. Plaintiffs filed a First Amended Complaint on September 27, 2016, adding Elmore as a Defendant. (hereinafter "Amended Complaint") (Doc. 10, P. 21)

3. Plaintiffs allege that both Ellis and Elmore are residents of California. (Doc 10, P. 22, ¶ 9-10)

4. The matter was timely removed on September 30, 2016. (Doc 1)

5. According to the Affidavit of Service of Process, executed by Erica Martinez, she mailed a copy of the First Amended Complaint, Summons, Notice of Filing Removal, Assignment of Judges, Assignment of Magistrate Judges, Defendants' Notice of Entry of Appearance and Request for Consent to Proceed before US Magistrate Judge to Darcell Elmore by certified mail, return receipt requested to PO Box 509105, San Diego, California 92150.

6. Purportedly, "Mr. Elmore received her copy" on October 28, 2016, attached to the Affidavit as Exhibit C. (Doc. 11, P. 1-2). However, Exhibit C is addressed to Michal Ellis. (Doc 11, P. 9-10). The only mention of Michal Ellis is in paragraph 5 of the Affidavit, wherein Ms. Martinez avers that she sent via first-class mail to both Elmore and Ellis the same packet as mentioned in ¶¶ 3-4 of the Affidavit on November 11, 2016. (Doc 11, P.2)

7. The "Summons in a Civil Action" served on Elmore has an incorrect Civil Action Number. (Exhibit A)

8. Both Ellis and Elmore are residents of the State of Texas and work in the State of Texas including the time period of January 2015 to the present. (Exhibits B and C at ¶ 3)

9. Neither Ellis nor Elmore work or reside in the State of California. (Exhibits B and C at ¶ 3)

10. Neither Ellis nor Elmore signed the certified mail receipt. (Exhibits B and C at ¶ 4)

11. Neither Ellis nor Elmore have authorized anyone in California to accept service on their behalf.  (Exhibits B and C at ¶ 5)

12. There is no one at the service center in San Diego, California authorized to receive service on behalf of Ellis or Elmore.  (Exhibit D at ¶ 3)

13. The PO Box at which Plaintiff served the citations on Ellis and Elmore is a U.S. Post Office Box.  (Exhibit D at ¶ 4)

14. The address at which Plaintiffs allegedly served the citations on Ellis and Elmore is a scanning center for GEICO in San Diego, California.  (Exhibit D at ¶ 5)

15. The scanning center receives documents and scans those documents into in the applicable claim file, but does not forward the documents or notify the addressees of receipt of the documents.  (Exhibit D at ¶ 6)

16. Defendant Ellis never received the summons.  (Exhibit B at ¶ 6)

17. Defendant Elmore never received the summons.  (Exhibit C at ¶ 6)

## II.  LEGAL STANDARD

A summons must be served with a copy of the complaint.  FED. R. CIV. P. 4(c)(1). Plaintiffs may obtain a summons on or after filing the complaint by "present[ing] a summons to the clerk for signature and seal."  FED. R. CIV. P. 4(b).  Federal Rule of Civil Procedure 4(e) provides the manner in which an individual may be served.  FED. R. CIV. P. 4(e).  The summons and complaint may be served on an individual by delivering a copy of the summons and of the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e)(2).

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to defend against a claim on the ground of insufficiency of service of process. FED. R. CIV. P. 12(b)(5); *see also Nicks v. Brewer*, 2010 WL 4868172, at *5 (D. Kan. Nov. 23, 2010) (a Rule 12(b)(5) motion challenges the mode or lack of delivery of a summons and complaint). "Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). The burden of establishing validity of service is on the plaintiff. *See Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).

"Defendants must be served in accordance with Rule 4(d) [now Rule 4(e)] of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. . . . Neither actual notice nor simply naming the person in the caption of the complaint will subject defendant to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Love v. Hayden*, 757 F. Supp. 1209, 1212 (D. Kan. 1991) (*quoting Jackson v. Hayakawa*, 682 F.2d 1344, 1347-48 (9th Cir. 1982)). *See also United States v. Parcel of Real Estate*, Civ. No. 00-563 JP/KBM, 2007 U.S. Dist. LEXIS 98705 at *10 (D.N.M. Aug. 10, 2007) (*citing Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)). Further, proof of service must be made to the court by affidavit. FED. R. CIV. P. 4(l)(1). Strict compliance is required with the rules governing manner of service. *Mintel Learning Technology, Inc. v. Beijing Kaida Educ. & Technology Development Co., Ltd.*, 2007 WL 951813, at *1 (N.D. Cal. Mar. 28, 2007), *citing* Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2006) § 5:165. The more liberal rules applicable to defects in the form of summons do not apply to defects in service. *Id*.

### III.     ARGUMENT

**A. Plaintiffs' service on Defendants Ellis and Elmore is defective under the Federal Rules of Civil Procedure, and thus, the Court does not have personal jurisdiction over Defendants Ellis and Elmore.**

**1.     Service Does Not Comply With the Federal Rules of Civil Procedure.**

Pursuant to Rule 4(e)(2), service of summons must be served on an individual either personally or by leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode . . . ." FED. R. CIV. P. 4(e)(2)(A) and (B). The method of service described in the Affidavit of Service is inconsistent with the permissible methods of service enumerated in Rule 4(e)(2). (Doc. 11). The Affidavit states that the only form of service was via certified mail followed by standard first class mail. The Defendants themselves did not sign any certified mail receipt, as they are both Texas residents who work in Texas, not in California (as Plaintiffs allege). *See* Ellis and Elmore Affidavits (Exhibits B and C at ¶ 3-4). No attempt at personal service was made in accordance with Rule 4 (e)(2)(A), and service on an individual at a person's place of business does not comply with Rule 4 (e)(2)(B). *See Scherer v. U.S.*, 241 F.Supp.2d 1270, 1281-82 (D. Kan. 2003), *aff'd sub nom.*, *Scherer v. U.S. Dep't of Educ.*, 78 F.App'x 687 (10th Cir. 2003) (dismissing claim when service by certified mail at the defendant's work address when defendant was sued in individual capacity failed to satisfy Rule 4(e)(2)).

In addition, to the extent the Plaintiffs argue that an authorized agent of the Defendants accepted service in California, the plain language of Rule 4(e)(2)(C) requires that an agent be authorized "by appointment or by law," which is absent in the instant situation. *See* Ellis and Elmore Affidavits (Exhibits B and C at ¶ 3-4). Even assuming there was someone present at the San Diego service center to accept mail on behalf of Ellis and Elmore, authority to accept mail for a defendant does not confer authority to accept <u>service</u> on that defendant's behalf. *Exec.*

*Consulting, Inc. v. Kilmer*, 931 F.supp.2d 1139, 1141 (D.N.M. 2013); *see also Fed. Deposit Ins. Corp.*, 959 F.2d at 172-176 (Tenth Circuit reversed summary judgment in favor of plaintiff and remanding where defendants challenged the authority of a defense attorney, who had been litigating on their behalf for a year, to represent them and to waive their insufficiency of process and personal jurisdiction defenses). Therefore, Plaintiffs cannot demonstrate sufficiency of service of process and cannot meet their burden under the Federal Rules of Civil Procedure. *See Fed. Deposit Ins. Corp.*, 959 F.2d at 174.

2. **Service Did Not Comply With New Mexico Law.**

Federal Rule 4(e)(1) allows for service in compliance with the state law in which the district court is located or where service is made. New Mexico law requires process to be made by one of the following methods, and in the following order. First, service of process may be made to the individual, personally or by mail or commercial courier service, "provided that the envelope is addressed to the named defendant and . . . the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package." *Exec. Consulting, Inc.*, 931 F.Supp.2d at 1140, *citing* N.M.R.A. 1-004(F)(1). Second, and only if the first method fails, service may be made by delivering a copy of the process to someone over the age of fifteen residing at the defendant's usual place of abode, <u>and</u> by mailing a copy of the process to the defendants' last known mailing address by first class mail. *Id*., *citing* N.M.R.A. 1-004(F)(2). Third, and <u>only</u> if the second method fails, service may be made by delivering a copy of process to the defendant's place of business or employment to the person apparently in charge thereof, and mailing a copy of process by first class mail to both the defendant's last known mailing address by first class mail and the defendant's place of employment. *Id*., *citing* N.M.R.A. 1-004(F)(3). When "jurisdiction

of the court over the defendant is not dependent upon service of process within the State of New Mexico, service may be made outside the State as provided by this rule." *Exec. Consulting, Inc.*, 931 F.Supp.2d at 1140, *citing* N.M.R.A. 1-004(M).

The Committee Comments for Rule 1–004(F) (emphasis added) state:

> The 2004 Amendment makes substantial changes in Rule 1–004(F).... <u>A hierarchy of methods of service has been established</u>.
> ....
> <u>Rule 1–004(F)(3) is new. It may be used *only* when service of process has been attempted, unsuccessfully, in accordance with Rule 1–004(F)(1) and Rule 1–004(F)(2)</u>. Rule 1–004(F)(3) provides that service may be made by delivering a copy of the summons and complaint to the person apparently in charge of the actual place of business of the defendant *and* mailing a copy of the summons and complaint to the defendant *both* at the defendant's last known mailing address and also the defendant's actual place of business.

N.M.R.A. 1-004(F), Cmt. (emphasis added); *See also Edmonds v. Martinez*, 146 N.M. 753, 215 P.3d 623, 66 (N.M. Ct. App. 2009) (failure to employ all methods identified in Rule 1-004(F) and in the right order renders service ineffective, and leaving a copy with an employee at defendant's place of business was improper service).

Plaintiffs did not serve Ellis or Elmore personally (again, they are both Texas residents who work in Texas, not California). Although Plaintiffs mailed the summons via certified mail, neither the Defendants nor a person authorized to accept service of process signed a receipt. Thus, the Plaintiffs failed to serve the Defendants in accordance with N.M.R.A. 1-004(F)(1). The second method requires the Plaintiffs to "deliver a copy of the process to someone over the age of fifteen residing at the defendant's usual place of abode, and by mailing a copy of the process" to their last known mailing address by first class mail. Plaintiffs' Affidavit demonstrates that the Plaintiffs did not deliver a copy of the process to anyone over the age of

fifteen at either of the Defendants' homes. Since the Plaintiffs did not comply with the second method, the third method is irrelevant.

However, to the extent Plaintiffs contend service is proper under Rule 1-004(F)(3), the Rule is clear that service of process under Rule 1-004(F)(3) is only proper if service has been attempted unsuccessfully in accordance with Rule 1-004(F)(1) and (2). *See* Rule 1-004(F) and Committee Comments thereto. The third method requires the Plaintiffs to deliver the summons to the place of employment to the person in charge thereof, and mailing a copy to both the place of employment and the residence. There is no evidence that the Plaintiffs delivered a copy to the place of employment <u>to the person in charge</u> (or to Defendants' place of employment in Texas), and there is no evidence that they mailed a copy to both the place of employment in Texas and the Defendants' residences. Accordingly, even if Plaintiffs had satisfied the second method, which they did not, they failed to comply with the third method, rendering any purported service ineffective under New Mexico law.

### 3. Service Did Not Comply With California Law.

Although it is inconceivable that service at a PO Box in California at a business location when neither Defendant works nor resides in California is valid and effective service, Defendants will address California law with regard to service requirements in accordance with Federal Rule of Civil Procedure 4(e)(1). *See, e.g., In re Kennedy*, 403 B.R. 363, 365 (Bankr. D.S.C. 2009) (service on defendant, "even if otherwise proper, was directed to the wrong state"). California Civil Procedure Code section 415.10 provides that "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery." CAL. CIV. PROC.

CODE § 415.10.  It is undisputed that there was no personal service attempted on Ellis or Elmore, two Texas residents working in Texas.  Therefore, this section is inapplicable.

Section 415.20 provides:

> (a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10 [service on a corporation], 416.20 [defunct corporation], 416.30 [joint stock company], 416.40 [unincorporated association], or 416.50 [public entity], a summons may be served by <u>leaving a copy of the summons and complaint during usual office hours in his or her office</u> or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, <u>with the person who is apparently in charge thereof</u>, and by <u>thereafter mailing</u> a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served <u>at the place where a copy of the summons and complaint were left</u>. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof.  Service of a summons in this manner is deemed complete on the 10th day after the mailing.
>
> (b) If a copy of the summons and complaint <u>cannot with reasonable diligence be personally delivered to the person to be served</u>, as specified in Section 416.60 [leaving summons with a minor], 416.70 [guardian], 416.80 [person authorized by the Elections Code], or 416.90 [upon a person authorized to receive service of process], a summons may be served by <u>leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, **usual** place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box</u>, at least 18 years of age, who shall be informed of the contents thereof, and by <u>thereafter</u> mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

CAL. CIV. PROC. CODE § 415.20 (emphasis added).  Plaintiffs sued Ellis and Elmore individually and, accordingly, section 415.20(a) should not apply.  Even if section 415.20(a) applied, Plaintiffs did not leave a copy of the summons and complaint during usual office hours in either Defendant's office with the person in charge thereof, as required by section 415.20(a).

Section 415.20(b) requires "reasonable diligence" before it applies.  There is no evidence of reasonable diligence on the Plaintiffs' part to personally serve the Defendants.  Under California law, "[a]ll means other than personal delivery to the defendant are considered substituted service, and personal service must have been diligently attempted before substituted service may be performed."  *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995).  This means that two or three attempts at personal service at a proper place are required to satisfy "reasonable diligence" and allow substituted service to be made.  *Id*.

Further, even assuming the Plaintiffs exercised reasonable diligence to personally serve the Defendants, the Plaintiffs did not leave a copy at Ellis or Elmore's house, usual place of business (in Texas), or at their usual mailing address (Texas) in the presence of a competent member of the household or apparently in charge of the office, then thereafter mailing a copy of the summons to the address at which they left the summons.  Rather, they merely mailed the summons via certified mail to a PO Box in San Diego, California, a service center, then mailed the summons via regular mail to the Defendants at the same PO Box in San Diego, California.  The Defendants are not California citizens, do not reside in California, and do not work in California.  Rather they are Texas citizens who both reside and work in the State of Texas.  Plaintiffs wholly failed to comply with California law regarding effective service.

## IV.   CONCLUSION AND PRAYER

Plaintiffs have failed to effect service on either Ellis or Elmore.  Therefore, this Court does not have personal jurisdiction over Ellis or Elmore.  Accordingly, Defendants Ellis and Elmore respectfully request the Court dismiss Plaintiffs' Amended Complaint as to Ellis and Elmore for failure to comply with Federal Rule of Civil Procedure 4(e).

Wherefore, Defendants respectfully request they be dismissed from the instant matter for insufficient service of process and lack of personal jurisdiction, and for any other relief the Court deems proper.

Respectfully submitted,

*/s/ Meloney Perry*
Meloney Perry
Stacy Thompson
**PERRY LAW, PC**
10440 N. Central Expressway, Suite 600
Dallas, Texas 75231
Telephone: (214) 265-6201
Facsimile: (214) 265-6226
E-mail: mperry@mperrylaw.com
            sthompson@mperrylaw.com

**ATTORNEYS FOR DEFENDANTS
DARCELL ELMORE and MICHAL ELLIS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of November, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Nathan S. Anderson
BARBER & BORG, LLC
PO Box 30745
Albuquerque, New Mexico 87190
nathan@barberborg.com
*Attorney for Plaintiffs*

Donna Chapman
CHAPMAN & CHARLEBOIS, PC
PO Box 92438
Albuquerque, New Mexico 87119
donna@cclawnm.com
*Attorney for Defendant GEICO*
*as to the extra-contractual claims*

Stephen Simone
SIMONE, ROBERTS & WEISS
1700 Louisiana Boulevard NE, Suite 240
Albuquerque, New Mexico 87112
ssimone@srw-law.com
*Attorney for Defendant GEICO*
*as to the underinsured motorist claims*

>            */s/ Meloney Perry*
>           **Meloney Perry**