IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA YAZZIE *et al.*,

    Plaintiffs,

v.                                                      Civ. No. 16-1085 KK/LF

GOVERNMENT EMPLOYEES INSURANCE
COMPANY *et al.*„

    Defendants.

## ORDER DENYING MOTION TO DISMISS

THIS MATTER comes before the Court on Defendants Darcell Elmore and Michal Ellis' Motion to Dismiss (Doc. 12), filed November 18, 2016.  The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, FINDS that the motion is premature and should be DENIED.

Plaintiffs filed this action in the First Judicial District Court for the State of New Mexico on August 10, 2016, and filed an amended complaint in that court on September 27, 2016.  (Doc. 1 at 7; Doc. 12 at 1.)  Defendant Government Employees Insurance Company ("GEICO") removed the action to this Court on September 30, 2016.  (Doc. 1 at 1.)  On November 18, 2016, Defendants Darcell Elmore and Michal Ellis ("individual Defendants") filed a motion to dismiss Plaintiffs' claims against them on the sole basis that Plaintiffs have failed to serve them with process in a valid and effective manner.  (*See generally* Doc. 12.)  Plaintiffs responded in opposition to the motion on December 1, 2016.  (Doc. 22.)

According to federal statute,

> [i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be

completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. Federal Rule of Civil Procedure 4, in turn, allows a plaintiff 90 days from the date the complaint is filed in which to serve a defendant with process. Fed. R. Civ. P. 4(m). The Tenth Circuit has interpreted 28 U.S.C. § 1448 and Rule 4(m) to give the plaintiff in a removed case 90 days "from the date [the] defendant removes the case to federal court in which . . . imperfect or defective service may be cured." *Palzer v. Cox Okla. Telecom, LLC*, — F. App'x —, 2016 WL 6818839, at *2 (10th Cir. Nov. 18, 2016)[1]; *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010); *see also Green v. Bank of Am., N.A.*, 2013 WL 11336861, at *2 (D.N.M. Nov. 8, 2013) ("Taken together § 1448 and Rule 4 afford the plaintiff [90] days from the date of removal to properly serve the defendant.").

Here, the individual Defendants' motion to dismiss is based solely on Plaintiffs' failure to serve them with process in a valid and effective manner. (*See generally* Doc. 12.) However, according to the Tenth Circuit, Plaintiffs have 90 days from the date Defendant GEICO removed the case to accomplish service of process on the individual Defendants. Defendant GEICO removed the case to this Court on September 30, 2016. (Doc. 1 at 1.) Thus, Plaintiffs have until Thursday, December 29, 2016, in which to serve the individual Defendants properly. As of the date of entry of this Order, that deadline has not yet expired. As such, Defendants' motion to dismiss is premature.

The Court notes that, in their response to Defendants' motion, Plaintiffs contend that they have cured the defects in their service of process on the individual Defendants as of December 1, 2016, and "will submit the returns of service to the Court as soon as they are received by

---

[1] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

Plaintiffs' counsel."  (Doc. 22 at 3.)  The Court further notes that, according to Plaintiffs, Defendant GEICO refused to provide the individual Defendants' addresses to Plaintiffs "without a court order."  (*Id.*)  However, Plaintiffs have neither requested such an order in their response to Defendants' motion to dismiss, nor, more properly, filed their own motion seeking such an order.  *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Should the individual Defendants take the position that Plaintiffs' most recent attempt to serve them with process is also defective or imperfect, Plaintiffs are cautioned that the Court will not order Defendant GEICO to provide Plaintiffs with the individual Defendants' addresses in the absence of a timely motion identifying valid grounds for the relief requested.  Fed. R. Civ. P. 7(b)(1)(B).  Plaintiffs are further cautioned that the Court will take into consideration whether Plaintiffs have made timely and diligent efforts to effect valid service of process on the individual Defendants in deciding whether to grant any request for an extension of time pursuant to Rule 4(m).  Fed. R. Civ. P. 4(m).

     For all of the above reasons, Defendants Darcell Elmore and Michal Ellis' Motion to Dismiss (Doc. 12) is DENIED as premature.

     IT IS SO ORDERED.

                                              _____
                                              KIRTAN KHALSA
                                              UNITED STATES MAGISTRATE JUDGE
                                              Presiding by Consent