IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA YAZZIE and ERNEST YAZZIE,

        Plaintiffs,

v.                                No. 1:16-cv-01085-KK-LF

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
DARCELL ELMORE and MICHAL ELLIS,

        Defendants.

### DEFENDANT MICHAL ELLIS' MOTION TO DISMISS

    Defendant Michal Ellis (hereinafter "Ellis"), by and through her attorneys, Perry Law, P.C. (Meloney Perry and Stacy Thompson), hereby submits her Motion to Dismiss (hereinafter "Motion") pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(5).  As grounds for the Motion, Defendant states Plaintiffs Lisa Yazzie and Ernest Yazzie (hereinafter "Plaintiffs") have failed to serve Ellis with a federal summons and complaint as required post-removal within 90 days and, thus, there is an insufficiency of service of process.  Accordingly, the Court lacks personal jurisdiction over Defendant Ellis, and the claims against Ellis should be dismissed.  In further support thereof, Defendant states as follows:

### I. INTRODUCTION AND STATEMENT OF FACTS

    1. Plaintiffs filed their Complaint for Underinsured Motorist Coverage Benefits, fraud/misrepresentation, bad faith violation of the duty of good faith and fair dealing, violations of the New Mexico Insurance Trade Practices and Frauds Act and New Mexico Unfair Claims Practices Act, and malicious abuse of process, (hereinafter "Complaint") on August 10, 2016, naming Government Employees Insurance Company and Ellis as Defendants.  (Doc. 10, P. 3)

2. Plaintiffs alleged that Ellis is a resident of California.  (Doc 10, P. 22, ¶ 9-10)

3. The matter was timely removed by Defendant Government Employees Insurance Company on September 30, 2016.  (Doc 1)

4. Plaintiffs attempted to serve Ellis by certified mail to PO Box 509105, San Diego, California 92150.  (Doc 11)

5. Defendant Ellis filed a motion to dismiss which the Court denied as premature because 90 days had not yet passed since the removal and, pursuant to FED. R. CIV. P. 4(m) and the Tenth Circuit, Plaintiffs had 90 days from the date of removal to effect service of process on the Defendants.  (Doc 24)

6. The Court's Order denying Defendant Ellis' Motion to Dismiss as premature, provided that the Plaintiffs had until December 29, 2016 to effect proper service on Ellis.  (Doc 24)

7. Plaintiffs filed a summons and return of service with this Court on December 22, 2016, stating that Ellis had been personally served on December 13, 2016, in Dallas, Texas.  (Doc 30)

8. The Plaintiffs' filed summons they claim establish service on Ellis was issued in the state court (First District Court of Santa Fe, New Mexico) on August 19, 2016, prior to removal.  (Doc 30)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to defend against a claim on the ground of insufficiency of service of process.  FED. R. CIV. P. 12(b)(5); *see also Nicks v. Brewer*, 2010 WL 4868172, at *5 (D. Kan. Nov. 23, 2010) (a Rule 12(b)(5) motion challenges the mode or lack of delivery of a summons and complaint).  "Effectuation of service is a precondition to suit."  *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).  The

burden of establishing validity of service is on the plaintiff. *See Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).

"Defendants must be served in accordance with Rule 4(d) [now Rule 4(e)] of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. . . . Neither actual notice nor simply naming the person in the caption of the complaint will subject defendant to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Love v. Hayden*, 757 F. Supp. 1209, 1212 (D. Kan. 1991) (*quoting Jackson v. Hayakawa*, 682 F.2d 1344, 1347-48 (9th Cir. 1982)). *See also United States v. Parcel of Real Estate*, Civ. No. 00-563 JP/KBM, 2007 U.S. Dist. LEXIS 98705 at *10 (D.N.M. Aug. 10, 2007) (*citing Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)). Further, proof of service must be made to the court by affidavit. FED. R. CIV. P. 4(l)(1). Strict compliance is required with the rules governing manner of service. *Mintel Learning Technology, Inc. v. Beijing Kaida Educ. & Technology Development Co., Ltd.*, 2007 WL 951813, at *1 (N.D. Cal. Mar. 28, 2007), *citing* Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2006) § 5:165. The more liberal rules applicable to defects in the form of summons do not apply to defects in service. *Id*.

Federal Rule of Civil Procedure 4(m) holds "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Under Federal Rule of Civil Procedure 4(l), "if service is not waived, the person effecting service shall make proof thereof to the court." *Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N.M. 2005) (*citing* FED. R. CIV. P. 4(1)).

In the Tenth Circuit, under Rule 4(m), the courts employ a two-step analysis. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for failing to timely effect service. *Id*. Second, if the plaintiff fails to show good cause, the court may exercise its discretion, and either dismiss the case without prejudice or extend the time for service. *Id*. at 842. Absent good cause, the Court can dismiss the case without prejudice. *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997).

### III.   ARGUMENT

**A.   Service of a state court summons does not comply with the Federal Rules of Civil Procedure and is ineffective.**

Removal of a state action to federal court immediately divests the state court of jurisdiction. *Bruley v. Lincoln Prop. Co., N.C.*, 140 F.R.D. 452, 453 (D. Colo. 1991), *citing* 28 U.S.C. § 1446. Because of this, "federal courts have held that state court process becomes null and void on the date the action is removed to the federal court." *Willis v. Gov't Employees Ins. Co.*, No. 13-280 KG/KK, 2016 WL 3951730, at *3 (D.N.M. Feb. 8, 2016), *citing Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967) (ruling that a state court summons issued but not served prior to removal is ineffective), and *Bruley*, 140 F.R.D. at 454.

Once a case has been removed from state court, the federal court must apply the Federal Rules of Civil Procedure and treat the case as though it were originally commenced in federal court. *Bruley*, 140 F.R.D. at 454, *citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 437, 94 S.Ct. 1113, 1123, 39 L.ed.2d 435 (1974). "Thus, after removal a plaintiff must comply with the requirements of Fed. R. Civ. P. 4 as to any defendant not served before removal." *Bruley*, 140 F.R.D. at 454; *see*

*also Kelley v. Enviva, LP*, No. 7:13-CV-197-BO, 2013 WL 6628032, at *2 (E.D.N.C. Dec. 16, 2013) (post-removal service "must be accomplished pursuant to a subpoena issued by [the federal district] court and in accordance with the Federal Rules of Civil Procedure").

After removal, "the plaintiff is responsible for securing a new summons from the court pursuant to Rule 4." *Remy v. HDR Eng'g, Inc.*, No. CXIV.S-05322LKKPAN, 2005 WL 1925902, at *2 (E.D. Cal. Aug. 8, 2005). Federal Rule of Civil Procedure 4(b) requires a summons to be signed by the clerk of the district court under seal of the district court, containing the court's name. *Id.*; FED. R. CIV. P. 4(b). "Considering [the] case law, it [is] not unreasonable for Plaintiffs to request new federal summonses and to attempt to serve [the defendant] within the [90]-day post-removal period of time for service of process." *Willis*, 2016 WL 3951730, at *3.

> **B.   Because service of the state court summons on Ellis was ineffective, Plaintiffs have failed to serve Ellis within 90 days of removal and dismissal is warranted.**

The summons and return filed by Plaintiffs demonstrate that Plaintiffs served Ellis with the New Mexico state court summons. Plaintiffs did not obtain a federal summons. Therefore, in accordance with the above-established authorities, Plaintiffs' service on Ellis was ineffective. *See Kelley*, 2013 WL 6628032, at *2 (service of state court summons post-removal is invalid and ineffective). Because service was ineffective, Plaintiffs failed to serve Ellis within 90 days of removal, or by December 29, 2016.

Substantial compliance with Rule 4 is required to find Defendant Ellis subject to personal jurisdiction. *Love*, 757 F. Supp. at 1212. Actual notice is insufficient. *Id.* Without evidence of service as required under Rule 4, the Court lacks personal jurisdiction over Defendant Ellis. *See*

*Parcel of Real Estate*, Civ. No. 00-563 JP/KBM, 2007 U.S. Dist. LEXIS 98705 at *10. Accordingly, dismissal of Defendant Ellis is warranted under Rules 12(b)(2) and 12(b)(5) of the Federal Rule of Civil Procedure.

### C.  No good cause exists.

Ellis recognizes that the Plaintiffs will be afforded an opportunity to demonstrate good cause for failing to serve her within 90 days of removal.  *See Espinoza*, 52 F.3d at 841.  However, Ellis does not believe good cause exists in this case.

This Court's Order denying Defendants' first motion to dismiss as premature made clear that the Plaintiffs had to properly serve Ellis by December 29, 2016.  Plaintiffs failed to do so, despite the Court's express notice in its Order.  Therefore, there can be no good cause for Plaintiffs' failure to properly serve Ellis in accordance with Rule 4.  Accordingly, Defendant Ellis respectfully requests the Court find a lack of good cause and dismiss Plaintiffs' claims against Ellis for failure to comply with the 90-day requirement of Rule 4(m).

Wherefore, Defendant Ellis respectfully requests she be dismissed from the instant matter for insufficient service of process and lack of personal jurisdiction, and requests any other relief the Court deems proper.

Respectfully submitted,

*/s/ Meloney Perry*
Meloney Perry
Stacy Thompson
**PERRY LAW, PC**
10440 N. Central Expressway, Suite 600
Dallas, Texas 75231
Telephone: (214) 265-6201
Facsimile: (214) 265-6226
E-mail: mperry@mperrylaw.com
sthompson@mperrylaw.com

**ATTORNEYS FOR DEFENDANT
MICHAL ELLIS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of January, 2017, the forgoing was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Nathan S. Anderson
BARBER & BORG, LLC
PO Box 30745
Albuquerque, New Mexico 87190
nathan@barberborg.com
*Attorney for Plaintiffs*

Donna Chapman
CHAPMAN & CHARLEBOIS, PC
PO Box 92438
Albuquerque, New Mexico 87119
donna@cclawnm.com
*Attorney for Defendant GEICO as to the extra-contractual claims*

Stephen Simone
SIMONE, ROBERTS & WEISS
1700 Louisiana Boulevard NE, Suite 240
Albuquerque, New Mexico 87112
ssimone@srw-law.com
*Attorney for Defendant GEICO as to the underinsured motorist claims*

*/s/ Meloney Perry*
Meloney Perry