IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA YAZZIE and ERNEST YAZZIE,

        Plaintiffs,

v.                               No. 1:16-cv-01085-KK-LF

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
DARCELL ELMORE and MICHAL ELLIS,

        Defendants.

### DEFENDANT DARCELL ELMORE'S MOTION TO DISMISS

Defendant Darcell Elmore (hereinafter "Elmore" or "Defendant"), by and through his attorneys, Perry Law, P.C. (Meloney Perry), hereby submits his Motion to Dismiss (hereinafter "Motion") pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(5).  As grounds for the Motion, Defendant Elmore states Plaintiffs Lisa Yazzie and Ernest Yazzie (hereinafter "Plaintiffs") have failed to effect personal service within 90 days and, thus, there is an insufficiency of service of process.  Accordingly, the Court lacks personal jurisdiction over Defendant Elmore, and the claims against Elmore should be dismissed.  In further support thereof, Defendant states as follows:

### I.      INTRODUCTION AND STATEMENT OF FACTS

1.      Plaintiffs filed their Complaint for Underinsured Motorist Coverage Benefits, fraud/misrepresentation, bad faith violation of the duty of good faith and fair dealing, violations of the New Mexico Insurance Trade Practices and Frauds Act and New Mexico Unfair Claims Practices Act, and malicious abuse of process, (hereinafter "Complaint") on August 10, 2016, naming Government Employees Insurance Company and Michal Ellis as Defendants.  (Doc. 10, P. 3)

2.      Plaintiffs filed a First Amended Complaint on September 27, 2016, adding Darcell Elmore as a Defendant.  (hereinafter "Amended Complaint") (Doc. 10, P. 21)

3.      Plaintiffs alleged that both Ellis and Elmore are residents of California.  (Doc 10, P. 22, ¶ 9-10)

4.      The matter was timely removed by Defendant Government Employees Insurance Company on September 30, 2016.  (Doc 1)

5.      Plaintiffs attempted to serve Elmore (and Ellis) by certified mail to PO Box 509105, San Diego, California 92150.  (Doc 11)

6.      Defendants Ellis and Elmore filed a motion to dismiss which the Court denied as premature because 90 days had not yet passed since the removal and, pursuant to Rule 4(m) and the Tenth Circuit, Plaintiffs had 90 days from the date of removal to effect service of process on the Defendants.  (Doc 24)

7.      The Court's Order provided that the Plaintiffs had until December 29, 2016 to effect proper service on Elmore (and Ellis).  (Doc 24)

8.      On October 17, 2016, a summons was issued for Darcell Elmore by Ines Mares, a clerk for the United States District Court of New Mexico.  (Doc 38)

9.      On December 20, 2016 at approximately 6:40 a.m. CST a note from Legal Document Management was left on the door of Darcell Elmore's personal residence stating a third delivery attempt was made and indicated he was "committing a crime."   *See* Affidavit attached hereto as **Exhibit A** as well as **Exhibit A-1.**

10.     On December 22, 2016 at 5:40 p.m. CST, a private process server named Marquisha Graves-Lewis allegedly received the summons issued by the Court on October 17, 2016.  (Doc 38)

11.     On December 29, 2016, Plaintiffs filed a Motion for Extension of Time to Serve Defendant Darcell Elmore.  (Doc 34)[1]

12.     Plaintiffs filed the summons and return of service on January 3, 2017, stating that Elmore had been personally served at 11:30 p.m. on December 22, 2016, at 3640 Old Denton Rd. #702, Carrollton, Texas.  (Doc 38)

13.     Darcell Elmore was in bed at 11:30 p.m. on December 22, 2016, when someone came to the door and left suit papers on the ground after throwing them at his wife.  Therefore, he was not personally served.  *See* Affidavit attached hereto as **Exhibit A** and **Exhibit A-2.**

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to defend against a claim on the ground of insufficiency of service of process.  FED. R. CIV. P. 12(b)(5); *see also Nicks v. Brewer*, 2010 WL 4868172, at *5 (D. Kan. Nov. 23, 2010) (a Rule 12(b)(5) motion challenges the mode or lack of delivery of a summons and complaint).  "Effectuation of service is a precondition to suit."  *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).  The burden of establishing validity of service is on the plaintiff.  *See Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).

"Defendants must be served in accordance with Rule 4(d) [now Rule 4(e)] of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. . . . Neither actual notice nor simply naming the person in the caption of the complaint will subject defendant to personal jurisdiction if service was not made in substantial compliance with Rule 4."  *Love v. Hayden*, 757 F. Supp.

---

[1] On January 11, 2017, Plaintiffs filed a Notice of Withdrawal of the Motion for Extension of Time to Serve Darcell Elmore, stating "Mr. Elmore Defendant Elmore was served on December 22, 2016, prior to the December 29, 2016 deadline, therefore the issue is moot."  (Doc 40)

1209, 1212 (D. Kan. 1991) (*quoting Jackson v. Hayakawa*, 682 F.2d 1344, 1347-48 (9th Cir. 1982)).  *See also United States v. Parcel of Real Estate*, Civ. No. 00-563 JP/KBM, 2007 U.S. Dist. LEXIS 98705 at *10 (D.N.M. Aug. 10, 2007) (*citing Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)).  Further, proof of service must be made to the court by affidavit.  FED. R. CIV. P. 4(l)(1).  Strict compliance is required with the rules governing manner of service.  *Mintel Learning Technology, Inc. v. Beijing Kaida Educ. & Technology Development Co., Ltd.*, 2007 WL 951813, at *1 (N.D. Cal. Mar. 28, 2007), *citing* Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2006) § 5:165.  The more liberal rules applicable to defects in the form of summons do not apply to defects in service.  *Id.*

Federal Rule of Civil Procedure 4(m) holds "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  FED. R. CIV. P. 4(m).  Under Federal Rule of Civil Procedure 4(l), "if service is not waived, the person effecting service shall make proof thereof to the court."  *Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N.M. 2005) (*citing* FED. R. CIV. P. 4(1)).

In the Tenth Circuit, under Rule 4(m), the courts employ a two-step analysis.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  First, the plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for failing to timely effect service.  *Id.*  Second, if the plaintiff fails to show good cause, the court may exercise its discretion, and either dismiss the case without prejudice or extend the time for service.  *Id.* at 842.  Absent good cause, the Court can dismiss the case without prejudice.  *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997).

### III.    ARGUMENT

**A.    AVAILABLE METHODS OF SERVICE.**

Federal Rule of Civil Procedure 4(e)(1) provides that a person may be served in accordance with state law in the state where the district court is located or where service is made. FED. R. CIV. P. 4(e)(1).  Rule 4(e)(2)(A) provides that a person may be served by "delivering a copy of the summons and of the complaint to the individual personally."  FED. R. CIV. P. 4(e)(2)(A).  Plaintiffs thus must have either served Elmore in accordance with Rule 4(e)(1) or 4(e)(2)(A).

Rule 4(e)(2)(B) allows service by leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, while Rule 4(e)(2)(C) allows for service on an agent authorized by appointment or law to receive service. However, Plaintiffs' filed affidavit of service does not allege that service was made on anyone other than the Defendant himself and, therefore, these rules are inapplicable.

**B.    SERVICE DID NOT COMPLY WITH THE NEW MEXICO LAW.**

Federal Rule 4(e)(1) allows for service in compliance with the state law in which the district court is located or where service is made.  New Mexico law requires process to be made by one of the following methods, and in the following order.  First, service of process may be made to the individual, personally or, if the person refuses to accept service, by leaving the process at the location where the individual has been found; or, service may be made by mail or commercial courier service.  *Exec. Consulting, Inc.*, 931 F.Supp.2d at 1140, *citing* N.M.R.A. 1-004(F)(1)(a) and (b).  Second, and only if the first method fails, service may be made by delivering a copy of the process to someone over the age of fifteen residing at the defendant's usual place of abode, and by mailing a copy of the process to the defendant's last known mailing

address by first class mail.  *Id.*, *citing* N.M.R.A. 1-004(F)(2).  Third, and only if the second method fails, service may be made by delivering a copy of process to the defendant's place of business or employment to the person apparently in charge thereof, and mailing a copy of process by first class mail to both the defendant's last known mailing address by first class mail and the defendant's place of employment.  *Id.*, *citing* N.M.R.A. 1-004(F)(3).

Because Plaintiffs claim that Elmore was served personally, the only relevant New Mexico rule is the first method pursuant to N.M.R.A. 1-oo4(F)(1).  However, as set forth in Elmore's affidavit attached as **Exhibit A**, he was not personally served.  Instead, he was in bed at the time of the purported service, when suit papers were thrown in his wife's face and left on the ground.

Further, there can be no allegation that Elmore was evading service.  The process server's affidavit establishes that the server received the summons at 5:40 p.m. and service was purportedly effected only six hours later, at 11:30 p.m.  Therefore, any claim that Elmore was evading service is meritless.

Elmore was not personally served with the summons.  Under New Mexico law, "a court lacks jurisdiction to pronounce judgment over a defendant or respondent unless that defendant or respondent has been properly summoned into court."  *Edmonds v. Martinez*, 146 N.M. 753, 756, 215 P.3d 62, 65, 2009-NMCA-072, ¶ 9.  Because Elmore was not personally served under New Mexico law, the Plaintiffs have failed to comply with Federal Rule of Civil Procedure 4(e)(1), requiring service be made pursuant to the law of the state in which the district court sits.

### C.   SERVICE DID NOT COMPLY WITH TEXAS LAW.

Pursuant to Federal Rule 4(e)(1) allows for service pursuant to the law of the state where service is to be made.  Texas Rule of Civil Procedure 106(a)(1) provides that citation shall be

served "by delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto." TEX. R. CIV. P. 106(a)(1).  Service may also be made by registered or certified mail.  TEX. R. CIV. P. 106(a)(2). If personal service is unsuccessful, then a motion and court authorization are required for service via alternative methods.  TEX. R. CIV. P. 106(b).

Again, because Plaintiffs assert Elmore was personally served, the only relevant Texas rule is Rule 106(a)(1) regarding personal service.  Proper service of process generally requires delivery of a copy of the citation and petition to the defendant in person.  *Campbell v. White*, 2001 WL 1097811, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2001, no pet.) (finding lack of jurisdiction when defendant was never personally served with process).  It is the responsibility of the party requesting service to ensure that service is properly accomplished.  *Primate Construction, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994).  Strict compliance with the Texas Rules of Civil Procedure relating to the issuance, service and return of citation must be shown on the face of the record or the attempted service of process will be rendered invalid and of no effect.  *Id.*  Those not properly served have no duty to act.  *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006).

Elmore was not personally served, he was in bed at the time his wife had suit papers thrown in her face.  Thus, Plaintiffs failed to comply with the Texas Rules of Civil Procedure and cannot establish effective service under Texas law.  Because Elmore was not personally served in accordance with either the Texas Rules of Civil Procedure or the New Mexico Rules of Civil Procedure, the Plaintiffs have not complied with Federal Rule of Civil Procedure 4(e)(1).

D.      SERVICE DID NOT COMPLY WITH FEDERAL RULE 4(E)(2)(B).

Federal Rule 4(e)(2)(B) provides for personal service under the Federal Rules of Civil Procedure.  Plaintiffs' affidavit of service purports to establish personal service.  However, Elmore's affidavit sets forth detailed facts as to why he was not served personally.  At the alleged time of service, 11:30 p.m., Elmore was in bed.  *See* **Exhibit A.**

A return of service is not conclusive and may be controverted upon a showing that the return is inaccurate.  *Fidelity State Bank, Garden City, Kan. v. Oles*, 130 B.R. 578, 582 (D. Kan. 1991), *citing* 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1130 (2d ed. 1987).  The party asserting the validity of service bears the burden of proof on that issue.  *Staudinger v. Hoelscher, Inc.*, 166 F.Supp.2d 1335, 1339 (D. Kan. 2001).  If personal service is not accomplished, then the requirements of the Federal Rules of Civil Procedure are not met and the action should be dismissed.  *See, e.g., Kennebrew v. Green Tree Services LLC*, 2014 WL 495643 (N.D. Georgia Oct. 2, 2014) (dismissing action when there was no personal service); *Harvey v. LaSalle Corrections*, 2014 WL 1092364 (W.D. La. Mar. 18, 2014) (relying on defendants' affidavits that they were not personally served in dismissing action); *Dezonie v. Asset Protection & Sec., Inc.*, 2009 WL 1873527 (S.D.N.Y. June 30, 2009) (rejecting plaintiff's argument that defendant was personally served by receiving summons from another because "redelivery" is no substitute for personal service).

Elmore has demonstrated that he was not served personally.  Rather, he was in bed at 11:30 p.m., the time at which Plaintiffs allege he was personally served, while suit papers were thrown in his wife's face and left on the ground.  Because the Plaintiffs have not established personal service, they have failed to comply with Rule 4(e)(2)(B).  Accordingly, this action should be dismissed.

E.     THIS ACTION MUST BE DISMISSED.

Substantial compliance with Rule 4 is required to find Defendant Elmore subject to personal jurisdiction. *Love*, 757 F. Supp. at 1212. Actual notice is insufficient. *Id*. Without evidence of service as required under Rule 4, the Court lacks personal jurisdiction over Defendant Elmore. *See Parcel of Real Estate*, Civ. No. 00-563 JP/KBM, 2007 U.S. Dist. LEXIS 98705 at *10. Accordingly, dismissal of Defendant Elmore is warranted under Rules 12(b)(2) and 12(b)(5) of the Federal Rule of Civil Procedure.

Elmore recognizes that the Plaintiffs will be afforded an opportunity to demonstrate good cause for failing to serve him within 90 days of removal. *See Espinoza*, 52 F.3d at 841. However, Elmore does not believe good cause exists in this case. The summons was issued October 17, 2016, however the first evidence of any attempt at service was December 20, 2016. *See* **Exhibit A**.

Further, this Court's Order denying Defendants' first motion to dismiss as premature made clear that the Plaintiffs had to properly serve Elmore by December 29, 2016. Plaintiffs failed to do so, despite the Court's express notice in its Order. Therefore, there can be no good cause for Plaintiffs' failure to properly serve Elmore in accordance with Federal Rule 4. Accordingly, Defendant Elmore respectfully requests the Court find a lack of good cause and dismiss Plaintiffs' claims against Elmore for failure to comply with the 90-day requirement of Rule 4(m).

WHEREFORE, Defendant Elmore respectfully requests he be dismissed from the instant matter for insufficient service of process and lack of personal jurisdiction, and for any other relief the Court deems proper.

Respectfully submitted,

*/s/ Meloney Perry*
Meloney Perry
Stacy Thompson
**PERRY LAW, PC**
10440 N. Central Expressway, Suite 600
Dallas, Texas 75231
Telephone: (214) 265-6201
Facsimile: (214) 265-6226
E-mail: mperry@mperrylaw.com
        sthompson@mperrylaw.com

**ATTORNEYS FOR DEFENDANT
DARCELL ELMORE**

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 12th day of January, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Nathan S. Anderson
BARBER & BORG, LLC
PO Box 30745
Albuquerque, New Mexico 87190
nathan@barberborg.com
*Attorney for Plaintiffs*

Donna Chapman
CHAPMAN & CHARLEBOIS, PC
PO Box 92438
Albuquerque, New Mexico 87119
donna@cclawnm.com
*Attorney for Defendant GEICO as to the extra-contractual claims*

Stephen Simone
SIMONE, ROBERTS & WEISS
1700 Louisiana Boulevard NE, Suite 240
Albuquerque, New Mexico 87112
ssimone@srw-law.com
*Attorney for Defendant GEICO as to the underinsured motorist claims*

*/s/ Meloney Perry*
**Meloney Perry**