IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA YAZZIE and ERNEST YAZZIE,

        Plaintiffs,

v.                                                No. 1:16-cv-01085-KK-LF

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
DARCELL ELMORE and MICHAL ELLIS,

        Defendants.

## DEFENDANT MICHAL ELLIS' SECOND MOTION TO DISMISS

Defendant Michal Ellis (hereinafter "Ellis" or "Defendant"), by and through her attorneys, Perry Law, P.C. (Meloney Perry and Stacy Thompson), hereby submits her Second Motion to Dismiss (hereinafter "Motion") pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(5). As grounds for the Motion, Defendant states Plaintiffs Lisa Yazzie and Ernest Yazzie (hereinafter "Plaintiffs") have failed to serve Ellis with a federal summons and complaint as required post-removal within 90 days, cannot show good cause, and, thus, there is an insufficiency of service of process. Accordingly, the Court lacks personal jurisdiction over Defendant Ellis, and the claims against Ellis should be dismissed. In further support thereof, Defendant states as follows:

### I.    INTRODUCTION AND STATEMENT OF FACTS

Plaintiffs purportedly served Ellis with a state summons on December 13, 2016. Ellis moved to dismiss Plaintiffs' action due to Plaintiffs' failure to serve her with a federal summons as required by 28 U.S.C. § 1448 and Rule of Civil Procedure 4. *See* Defendant Michal Ellis's Motion to Dismiss (Doc. 36). However, after the deadline to serve Ellis (December 29, 2016), Plaintiffs obtained a federal summons on January 11, 2016 and served Ellis on January 11, 2016. Ellis does not believe this moots her original Motion to Dismiss. However, out of an abundance

of caution, Ellis files this Second Motion to Dismiss and further hereby incorporates the arguments and authorities set forth in her original Motion to Dismiss and Reply as if fully set forth herein.

1. Plaintiffs filed their Complaint for Underinsured Motorist Coverage Benefits, fraud/misrepresentation, bad faith violation of the duty of good faith and fair dealing, violations of the New Mexico Insurance Trade Practices and Frauds Act and New Mexico Unfair Claims Practices Act, and malicious abuse of process, (hereinafter "Complaint") on August 10, 2016, naming Government Employees Insurance Company and Ellis as Defendants. (Doc. 10, P. 3)

2. A summons was issued in the state court against Ellis on August 19, 2016. (Doc. 30).

3. Plaintiffs filed a First Amended Complaint on September 27, 2016, adding Darcell Elmore as a Defendant. (hereinafter "Amended Complaint") (Doc. 10, P. 21)

4. Plaintiffs alleged that both Ellis and Elmore are residents of California. (Doc 10, P. 22, ¶ 9-10)

5. Defendant Government Employees Insurance Company timely removed the matter on September 30, 2016. (Doc 1)

6. Plaintiffs attempted to serve Ellis (and Elmore) by certified mail to PO Box 509105, San Diego, California 92150. (Doc 11)

7. Defendants Ellis and Elmore filed a joint motion to dismiss which the Court denied as premature because 90 days had not yet passed since the removal and, pursuant to Rule 4(m) and the Tenth Circuit, Plaintiffs had 90 days from the date of removal to effect service of process on the Defendants. (Doc 24)

8. The Court's Order provided that the Plaintiffs had until December 29, 2016 to effect proper service on Ellis (and Elmore). (Doc 24)

9. Plaintiffs filed a summons and return on December 22, 2016, stating that Ellis had been personally served on December 13, 2016, in Dallas, Texas. (Doc 30)

10. The Plaintiffs' filed summons allegedly establishing service on Elllis was issued in the state court (First District Court of Santa FE, New Mexico) on August 19, 2016, prior to removal. (Doc 30)

11. After the deadline for serving Ellis had passed, the Plaintiffs obtained a federal summons on January 11, 2016, and served Ellis on January 11, 2016. (Doc. 45)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to defend against a claim on the ground of insufficiency of service of process. FED. R. CIV. P. 12(b)(5); *see also Nicks v. Brewer*, 2010 WL 4868172, at *5 (D. Kan. Nov. 23, 2010) (a Rule 12(b)(5) motion challenges the mode or lack of delivery of a summons and complaint). "Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). The burden of establishing validity of service is on the plaintiff. *See Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).

"Defendants must be served in accordance with Rule 4(d) [now Rule 4(e)] of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. . . . Neither actual notice nor simply naming the person in the caption of the complaint will subject defendant to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Love v. Hayden*, 757 F. Supp. 1209, 1212 (D. Kan. 1991) (*quoting Jackson v. Hayakawa*, 682 F.2d 1344, 1347-48 (9th Cir. 1982)). *See also United States v. Parcel of Real Estate*, Civ. No. 00-563 JP/KBM, 2007 U.S.

Dist. LEXIS 98705 at *10 (D.N.M. Aug. 10, 2007) (*citing Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)).  Further, proof of service must be made to the court by affidavit.  FED. R. CIV. P. 4(l)(1).  Strict compliance is required with the rules governing manner of service.  *Mintel Learning Technology, Inc. v. Beijing Kaida Educ. & Technology Development Co., Ltd.*, 2007 WL 951813, at *1 (N.D. Cal. Mar. 28, 2007), *citing* Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2006) § 5:165.  The more liberal rules applicable to defects in the form of summons do not apply to defects in service.  *Id*.

Federal Rule of Civil Procedure 4(m) holds "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).  Under Federal Rule of Civil Procedure 4(l), "if service is not waived, the person effecting service shall make proof thereof to the court."  *Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N.M. 2005) (*citing* Fed. R. Civ. P. 4(1)).

In the Tenth Circuit, under Rule 4(m), the courts employ a two-step analysis.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  First, the plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for failing to timely effect service.  *Id*.  Second, if the plaintiff fails to show good cause, the court may exercise its discretion, and either dismiss the case without prejudice or extend the time for service.  *Id*. at 842.  Absent good cause, the Court can dismiss the case without prejudice.  *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997).

### III.	ARGUMENT

#### A.	PLAINTIFFS DID NOT SERVE ELLIS WITHIN 90 DAYS OF REMOVAL.

As outlined in Defendant's original Motion, Plaintiffs' service of the state court summons was ineffective. *See* Defendant's Motion to Dismiss (Doc. 36). Plaintiffs attempted to cure their error by obtaining a federal summons. However, the summons was obtained and Ellis was served after the deadline to serve Ellis had passed, December 29, 2016. Plaintiffs did not seek an extension of time to serve Ellis beyond December 29, 2016. Therefore, Ellis was not served in accordance with the requirements of Rule of Civil Procedure 4(m).

#### B.	PLAINTIFFS CANNOT SHOW GOOD CAUSE FOR FAILING TO TIMELY SERVE ELLIS.

The Tenth Circuit has interpreted 28 U.S.C. § 1448 and Rule 4(m) to give the plaintiff in a removed case 90 days "from the date [the] defendant removes the case to federal court in which . . . imperfect or defective service may be cured." *Palzer v. Cox Okla. Telecom, LLC*, — F. App'x —, 2016 WL 6818839, at *2 (10th Cir. Nov. 18, 2016); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010); *see also Green*, 2013 WL 11336861, at *2 ("Taken together § 1448 and Rule 4 afford the plaintiff [90] days from the date of removal to properly serve the defendant."). Substantial compliance with Rule 4 is required to find Defendant Ellis subject to personal jurisdiction. *Love*, 757 F. Supp. at 1212. Actual notice is insufficient. *Id*.

Plaintiffs have not and cannot establish good cause for failing to timely serve Ellis. *Espinoza*, 52 F.3d at 841 (plaintiff must show good cause for failing to serve defendant within 90 days of removal). The "good cause" provision "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1438 (10th Cir. 1994); *see also Cloyd v. Arthur*

*Anderson & Co.*, 151 F.R.D. 407, 411 (D. Utah 1993), *aff'd*, 25 F.3d 1056 (10th Cir. 1994) (plaintiff bears burden of showing good cause to avoid dismissal, and the courts should give no consideration to equitable concerns as actual notice or lack of prejudice on part of defendant).

Ellis was sued in the state court on August 10, 2016, and summons was issued on August 19, 2016. The matter was removed on September 30, 2016. Plaintiffs attempted service via mail at a GEICO scanning center in California. Ellis never received this summons. *See* Defendants' Motion to Dismiss (Doc. 12). This Court denied the Defendants' original Motion to Dismiss as premature, but made clear that the Plaintiffs had until December 29, 2016 to serve Ellis properly. (Doc. 24).

As set forth in Ellis's original Motion to Dismiss, Plaintiffs failed to serve Ellis properly with a federal summons. *See Despain*, 13 F.3d at 1438 (failure to properly interpret the rules is not good cause for failing to timely serve under Rule 4(m)). The issuance of a federal summons did not occur until January 11, 2016, after the 90-day deadline had passed, even though Plaintiffs had obtained a federal summons for Defendant Elmore on October 17, 2016. (Doc. 38). The Plaintiffs were aware that a federal summons was necessary, but failed to obtain such a summons for Ellis until the deadline to serve Ellis had passed. Further, this Court made clear that the deadline to properly serve Ellis was December 29, 2016. Plaintiffs failed to do so.

Because Plaintiffs did not comply with Rule 4(m), dismissal of Defendant Ellis is warranted under Rules 12(b)(2) and 12(b)(5) of the Federal Rule of Civil Procedure.

WHEREFORE, Defendant Ellis respectfully requests she be dismissed from the instant matter for insufficient service of process and lack of personal jurisdiction, and for any other relief the Court deems proper.

Respectfully submitted,

*/s/ Meloney Perry*
Meloney Perry
Stacy Thompson
**PERRY LAW, PC**
10440 N. Central Expressway, Suite 600
Dallas, Texas 75231
Telephone: (214) 265-6201
Facsimile: (214) 265-6226
E-mail: mperry@mperrylaw.com
　　　　 sthompson@mperrylaw.com

**ATTORNEYS FOR DEFENDANT
MICHAL ELLIS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 31st day of January, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Nathan S. Anderson
BARBER & BORG, LLC
PO Box 30745
Albuquerque, New Mexico 87190
nathan@barberborg.com
*Attorney for Plaintiffs*

Donna Chapman
CHAPMAN & CHARLEBOIS, PC
PO Box 92438
Albuquerque, New Mexico 87119
donna@cclawnm.com
*Attorney for Defendant GEICO as to the extra-contractual claims*

Stephen Simone
SIMONE, ROBERTS & WEISS
1700 Louisiana Boulevard NE, Suite 240
Albuquerque, New Mexico 87112
ssimone@srw-law.com
*Attorney for Defendant GEICO as to the underinsured motorist claims*

　　　　　　　　　　　　　　　　　　　 */s/ Meloney Perry*
　　　　　　　　　　　　　　　　　　　 **Meloney Perry**