IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA YAZZIE and
ERNEST YAZZIE,

      Plaintiffs,

      v.                                                                                   1:16-cv-01085-KK-LF

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, DARCELL
ELMORE, and MICHAL ELLIS,

      Defendants.

## **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO SEAL (Doc. 108)**

THIS MATTER comes before the Court on Plaintiffs' Motion to Seal (Doc. 108), in which plaintiffs ask the Court to seal their Supplemental Brief in Support of Their Motion to Compel (Doc. 107). Defendants did not file a response to the Motion to Seal. Defendant GEICO did, however, file a Response in Opposition to Plaintiff's Supplemental Brief in Support of their Motion to Compel, which it filed under seal. Doc. 109. Plaintiffs filed a Response, also under seal. Doc. 112. For the reasons stated below, the Court grants the motion to seal in part.

It is well-settled that federal courts recognize a common-law right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980). This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest." *Crystal Grower's Corp.*, 616 F.2d at 461. This public right of access, however, is not absolute. *Nixon*, 435 U.S. at 598. As federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. *Crystal*

*Grower's Corp.*, 616 F.2d at 461. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or some portion of the record. *Id*. Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

A party seeking to overcome the presumption of public access to judicial documents bears the burden of showing "some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009).

In keeping with the paramount right of public access, this Court requires a party moving for permission to file a particular document under seal to demonstrate a private interest sufficient to justify the sealing of the document. That the parties have agreed a document should be filed under seal is not sufficient; the party seeking to file a document under seal must establish that his or her interest in keeping the documents private outweighs the public's right of access to judicial records.

In the instant case, the parties agreed to a Stipulated Confidentiality Order (Doc. 103). The confidentiality order does not entitle the parties to automatically seal confidential information filed with the Court. Doc. 103 at 4. Instead, the confidentiality order directs the party submitting the confidential information with the Court to file a motion to seal. *Id.* The party designating the information as confidential must then file "a declaration identifying the

2

confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file under seal." *Id.* "If the designating party does not file a responsive declaration within the fourteen-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied." *Id.* Plaintiffs filed the required motion to seal on August 8, 2017. Doc. 108. Plaintiffs sought concurrence from defendants, but did not receive a reply. *Id.* at 1. Defendants did not file a declaration within 14 days, as required by the confidentiality order.

Despite defendants' failure to file the declaration, the Court finds that some of the documents filed with the Court are clearly subject to the confidentiality order and should remain sealed. The Court rules that the Attachment (Exhibit A–E) filed with the supplemental motion to compel (Doc. 107) contains confidential information, and orders it to remain sealed. The Court, however, finds that the parties have not overcome "the presumption of public access to judicial documents" sufficient to justify the sealing of the motion, response, and reply.

Accordingly, the Court orders the Clerk of Court to unseal the following documents on September 19, 2019:

- Plaintiffs' Supplemental Brief in Support of Their Motion to Compel (Doc. 107)
- Plaintiffs' Motion to Seal (Doc. 108)
- Defendant GEICO's Response in Opposition to Plaintiff's Supplemental Brief in Support of Their Motion to Compel (Doc. 109)
- Plaintiff's Supplemental Reply Brief in Support of Their Motion to Compel (Doc. 112).

The Court grants plaintiff's motion to seal the Attachment (Exhibit A–E) (Doc. 107-1). This document will remain sealed.

**IT IS SO ORDERED.**

_____
Laura Fashing
United State Magistrate Judge