IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA YAZZIE and
ERNEST YAZZIE,

    Plaintiffs,

v.                                        Cause No. 1:16-cv-01085-KK-LF

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, DARCELL ELMORE and
MICHAL ELLIS,

    Defendants.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' CLAIM FOR MALICIOUS ABUSE OF PROCESS**

_____

Defendant Government Employees Insurance Company (hereinafter "GEICO"), by and through its counsel, Allen, Shepherd, Lewis & Syra, P.A., and pursuant to Federal Rule of Civil Procedure (hereinafter "FRCP") Rule 12(b)(6), hereby submits its Motion to Dismiss Plaintiffs' Claim for Malicious Abuse of Process.

## I.    INTRODUCTION

Plaintiffs filed their original Complaint in the First Judicial District, County of Santa Fe, State of New Mexico on August 10, 2016. Plaintiffs filed their First Amended Complaint (hereinafter "Amended Complaint") in state court on September 27, 2016. On September 30, 2016, GEICO entered an appearance in state court, removed the state court action to this Court, and filed its Answer.

Count V of Plaintiffs' Amended Complaint is a cause of action for malicious abuse of process. Plaintiffs claim they were damaged by GEICO's alleged improper, malicious, and intentional abuse of the processes and procedures of the Court, "including but not limited to

motions and discovery processes and procedures," in order to achieve a purpose for which the Court's processes and procedures were not intended "i.e. GEICO's intent to improperly, maliciously and intentionally abuse these litigation processes and procedures to delay, harass and extort Plaintiffs into accepting less than the full amount of UMBI policy benefits due to them." *See* Plaintiffs' Amended Complaint.

At the time Plaintiffs filed their Amended Complaint, GEICO had not yet entered an appearance or filed its Answer. Accordingly, there were no motions or discovery proceedings that had even taken place at the time Plaintiffs alleged abuse of such litigation processes against GEICO. Plaintiffs' cause of action for malicious abuse of process against GEICO is without merit because (1) Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted, (2) Plaintiffs' cannot meet the requisite elements for malicious abuse of process, and (3) evidence of litigation conduct is generally inadmissible in bad faith cases. Therefore, GEICO respectfully requests that this Court dismiss with prejudice Count V of Plaintiffs' Amended Complaint for malicious abuse of process against GEICO.

## II.   ARGUMENT

**A. PLAINTIFFS' CLAIM FOR MALICIOUS ABUSE OF PROCESS FAILS AS A MATTER OF LAW PURSUANT TO FRCP RULE 12(B)(6) BECAUSE THE CLAIM DOES NOT HAVE FACIAL PLAUSIBILITY.**

Under FRCP Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss based on Rule 12(b)(6), the court must accept all well-pled factual allegations, but the court is not required to accept conclusory, unsupported allegations. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). To survive a motion to dismiss pursuant to Rule 12(b)(6),

"a complaint must contain enough facts to state a claim to relief that is plausible on its face." *Id*. (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citation omitted). The factual allegations asserted in a plaintiff's complaint "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. "If a plaintiff cannot nudge the claims across the line from conceivable to plausible, the complaint must be dismissed." *Dibble v. Wells Fargo Bank, Nat'l Assoc.*, 226 F.Supp.2d 1226, 1233 (D.N.M. 2016)(internal quotation marks omitted).

In their Amended Complaint, Plaintiffs based their claim for malicious abuse of process against GEICO on alleged improper, malicious, and intentional abuse of discovery and other litigation processes. *See* Amended Complaint, ¶¶ 73-75. However, GEICO had not engaged in any litigation conduct at the time Plaintiffs' Amended Complaint was filed because it had not yet filed a responsive pleading to Plaintiffs' original Complaint, much less engaged in any discovery processes. Plaintiffs' allegations in support of its claim for malicious abuse of process were merely speculative in anticipating that GEICO would abuse such processes in the future. Pursuant to the above-cited case law, Plaintiffs' claim for malicious abuse of process does not have facial plausibility because the Court cannot draw any reasonable inference that GEICO would be liable for abusing the litigation processes when it had not yet even engaged in any discovery processes. Plaintiffs' allegations are merely conclusory, speculative, and are unsupported in fact and in law. Ironically, in pleading future conduct that is wholly unsupported and without probable cause, Plaintiffs have arguably engaged in conduct that constitutes

malicious abuse of process. However, GEICO does not make such a claim against Plaintiffs. Plaintiffs' claim for malicious abuse of process based on future conduct is legally deficient and should be dismissed with prejudice.

### B. PLAINTIFFS CANNOT MEET THE ELEMENTS NECESSARY TO ASSERT A CLAIM FOR MALICIOUS ABUSE OF PROCESS.

Even if the Court were to consider GEICO's post-filing litigation conduct, Plaintiffs' claim for malicious abuse of process still fails because Plaintiffs cannot meet the requisite elements for asserting such a claim.

A claim for malicious abuse of process requires the following elements: "(i) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (ii) a primary motive in the use of process to accomplish an illegitimate end; and (iii) damages." *Mosley v. Titus*, 762 F.Supp.2d 1298, 1315 (D.N.M. 2010).

> An improper use of process may be shown by (1) filing a complaint without probable cause, or (2) an irregularity or impropriety suggesting extortion, delay, or harassment, or other conduct formerly actionable under the tort of abuse of process. A use of process is deemed to be irregular or improper if it (1) involves a procedural irregularity or a misuse of procedural devices such as discovery, subpoena, and attachments, or (2) indicates the wrongful use of proceedings, such as an extortion attempt. Finally, . . . the tort of malicious abuse of process should be construed narrowly in in order to protect the right of access to the courts.

*Durham v. Guest*, 204 P.3d 19, 26 (N.M. 2009)(internal citations and quotation marks omitted). "Probable cause in the malicious abuse of process context is defined as a reasonable belief, founded on known facts established after a reasonable pre-filing investigation that a claim can be established to the satisfaction of a court or jury. The lack of probable cause must be manifest." *Fleetwood Retail Corp. of N.M. v. LeDoux*, 164 P.3d 31, 35 (N.M. 2007)(internal quotation marks omitted). Claims for malicious abuse of process are not favored due to the "potential chilling effect on the right of access to the courts." *Id*. at 37 (internal quotation marks omitted).

4

Plaintiffs' claim that GEICO has improperly, maliciously, and intentionally abused processes related to motions and discovery was made without probable cause and lacks any evidentiary support. The lack of probable cause is manifest because Plaintiffs alleged that GEICO engaged in abuses of litigation process before GEICO had even participated in the litigation process in this matter. As stated, probable cause necessary to assert a malicious abuse of process requires that there be a reasonable belief, based on known facts that were established after a reasonable *pre*-filing investigation, that a claim can be established to the court's satisfaction. *See Fleetwood*, 164 P.3d at 35. Claims for anticipated future conduct do not meet the standard necessary for probable cause.

Moreover, GEICO has not engaged in any improper post-filing conduct that would amount to the improper use of litigation processes to achieve an illegitimate end. Rather, GEICO has rightfully defended itself in propounding discovery to Plaintiffs, responding and objecting to Plaintiffs' discovery requests, and filing motions to seek appropriate relief from the Court. GEICO is entitled to zealously defend itself against Plaintiffs' claims. *U.S. v. Ensign*, 491 F.3d 1109, 1115 (9th Cir. 2007)("a defendant is entitled to a zealous defense"). Plaintiffs have not alleged any specific conduct of GEICO that would constitute the use of process in a judicial proceeding that would be improper in the regular defense of a claim. A vague allegation that GEICO will misuse the discovery processes or other processes in the future does not meet the required bar of pleading plausible facts to support a cause of action. Plaintiffs have not alleged any motive on GEICO's part to accomplish an illegitimate end. Accordingly, Plaintiffs' claim for malicious abuse of process fails as a matter of law.

### C. LITIGATION CONDUCT MAY NOT SERVE AS THE BASIS OF A BAD FAITH CLAIM.

Plaintiffs' claim for malicious abuse of process appears to be an attempt to circumvent the general rule that plaintiffs may not introduce litigation conduct as evidence of bad faith. In *Sinclair v. Zurich American Insurance Company*, 129 F.Supp.3d 1252, 1257 (D.N.M. 2015), the court stated,

> More stringent rules apply when plaintiffs attempt to introduce evidence of attorney conduct during litigation as evidence of bad faith. Insurers are entitled to zealous and effective representation by their attorneys in lawsuits filed by their insureds. Jurors may not be able to evaluate the propriety and significance of normal litigation tactics such as depositions and other discovery techniques and the delay inherent in resolving a case through litigation. Allowing litigation conduct to serve as evidence of bad faith would undermine an insurer's right to contest questionable claims and to defend itself against such claims. It could also result in ethical dilemmas for attorneys representing insurers. Further, counsel's litigation strategy and tactics in defending a claim are likely not relevant to the insurer's earlier decision to deny coverage.
>
> The Federal Rules of Civil Procedure (and its state counterparts) and the Rules of Professional Conduct control the litigation process and, in most instances, provide adequate remedies for improper conduct during litigation. Significant sanctions for improper litigation conduct are available under Rule 11, Rule 26 and Rule 37, and, in appropriate circumstances, under a court's inherent powers. Further, attorneys whose litigation conduct violates the Rules of Professional Conduct may be subject to professional discipline.

(internal quotation marks and citations omitted); *see also Timberlake Constr. v. U.S.F. & G.*, 71 F.3d 335 (10th Cir. 1995)("Once litigation has commenced, the actions taken in [an insurer's] defense are not probative of whether an insurer in bad faith denied the contractual lawsuit."); *see also Roesler v. TIG Ins. Co.*, 251 Fed.Appx. 489, 498 (10th Cir. 2007)("Once a lawsuit is filed, to hold an insurer's acceptable litigation tactics as evidence of bad faith would be to deny the insurer a complete defense . . . Allowing litigation conduct to serve as evidence of bad faith would undermine an insurer's right to contest questionable claims and to defend itself against such claims resulting in a chilling effect on insurers, which could unfairly penalize them by

inhibiting their lawyers from zealously and effectively representing their clients within the bounds permitted by law."); *Dakota, Minnesota & E. R.R. Corp. v. Acuity*, 771 N.W.2d 623, 633-35 (S.D. 2009)("it would be a rare case where the insurer's decisions and conduct in the underlying litigation would be admissible in a first party bad faith claim"); *Palmer v. Farmers Ins. Exch.*, 861 P.2d 895, 915 (Mont. 1993)("trial courts can assure that defendants do not act improperly . . . and, more importantly, the introduction of [post-filing litigation conduct in bad faith actions] hinders the right to defend and impairs access to the courts").

In *International Surplus Lines Insurance Company v. University of Wyoming Research Corporation*, 805 F.Supp. 1509, 1528 (D. Wyo. 1994) the insured argued, in support of its first-party bad faith claim, that the insurer's counsel's litigation conduct regarding discovery matters had been malicious and oppressive. The court held:

> *Assuming,* without deciding, that counsel for the plaintiff were in fact engaging in such misconduct, it is clear that there are various remedies available to a litigant who wishes to redress allegations of unfair or improper litigation conduct by opposing counsel under the Federal Rules of Civil Procedure. Those rules provide numerous options to civil litigants, such as motions to strike under Rule 12(f), protective orders under Rule 26(c) and motions to compel discovery under Rule 37 . . . [t]he Rules of Civil Procedure control the litigation process, and, in most instances, provide adequate remedies for improper conduct during the *litigation process.*

*Id*. (internal quotation marks omitted).

While Plaintiffs identify their cause of action as "malicious abuse of process," the substance of this claim is analogous to a bad faith claim. As stated above, the rules of civil procedure and the rules of professional conduct control the litigation process, and the Court has adequate remedies available for any alleged litigation misconduct. *See Sinclair*, 129 F.Supp.3d at 1257. Permitting Plaintiffs to raise a claim for malicious abuse of process on the basis of alleged discovery disputes in an insurance bad faith litigation will only serve to undermine

insurers' rights to zealously defend themselves without being accused of bad faith. *See Safety Dynamics Inc. v. Gen. Star Indem. Co.*, 2014 WL 11281291, *7 (D. Ariz. Mar. 5, 2014)("permitting a litigant to raise a new claim for every discovery dispute that may arise in an insurance bad faith claim would unnecessarily prolong the litigation and prejudice the defendant"). The Court in this matter has granted Plaintiffs' motions to compel discovery. However, GEICO's overruled objections to Plaintiffs' discovery do not give rise to a cause of action as a matter of law. Plaintiffs should not be permitted to circumvent the general rule prohibiting the introduction of litigation conduct in bad faith matters by pleading malicious abuse of process. *See id*. ("While Plaintiff now identifies his new proposed cause of action as 'abuse of process,' the substance of its claim has not changed").

WHEREFORE, Defendant Government Employees Insurance Company respectfully requests that this Court dismiss Count V of Plaintiffs' Amended Complaint for Malicious Abuse of Process and for such further relief as this Court deems just and proper.

    Electronically submitted,

    ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

    By: */s/ Tiffany A. Owens*
        Daniel W. Lewis
        Tiffany A. Owens
        P.O. Box 94750
        Albuquerque, NM  87199-4750
        (505) 341-0110
        dlewis@allenlawnm.com
        towens@allenlawnm.com
        *Attorneys for Defendant Government Employees Insurance Company*

I HEREBY CERTIFY that on the 27th day of September, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Nathan S. Anderson, Esq. / nathan@barberborg.com
*Attorney for Plaintiff*

Meloney Perry, Esq. / mperry@mperrylaw.com
Stacy Hemby Thompson / sthompson@mperrylaw.com
*Attorneys for Darcell Elmore and Michal Ellis*

Stephen M. Simone, Esq. / stephensimone@cclawnm.com
*Attorneys for Defendant Government Employees Insurance Company*

Ada Priest, Esq. / ada@cclawnm.com
*Attorneys for Defendant Government Employees Insurance Company*

*/s/ Tiffany A. Owens*
Daniel W. Lewis
Tiffany A. Owens