IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA YAZZIE et al.,

    Plaintiffs,

vs.                                                  Civ. No. 16-1085 KK/LF

GOVERNMENT EMPLOYEES
INSURANCE COMPANY et al.

    Defendants.

**Memorandum Opinion and Order**

**THIS MATTER** is before the Court on *Government Employees Insurance Company's Motion to Dismiss Plaintiffs' Claim for Malicious Abuse of Process* (Doc. 130), filed September 27, 2017, in which Defendants seek dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, of Plaintiff's claim of malicious abuse of process (Count V of Plaintiff's First Amended Complaint) (Doc. 1 at 7, 10). *Plaintiffs' Response to Defendant GEICO's Motion to Dismiss Plaintiffs' Claim for Malicious Abuse of Process* (Doc. 135) was filed on October 11, 2017. *Government Employees Insurance Company's Reply in Support of its Motion to Dismiss Plaintiffs' Claim for Malicious Abuse of Process* (Doc. 142) was filed on October 23, 2017. The Court has reviewed the parties' submissions, the record, and the relevant law. For the reasons stated herein, the Court concludes that Defendants' *Motion* is well taken and shall be granted.

**I.**    **Standards Governing a Rule 12(b)(6) Motion to Dismiss**

To withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient allegations of fact, taken as true, "to state a claim for relief that is plausible on its face." *In Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). "In determining the plausibility of a claim, we look to the elements of the particular

1

cause of action[.]" *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (alteration omitted). "[A] claim is facially plausible if the plaintiff has pled factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In applying these standards, the Court accepts as true "all plausible, non-conclusory, and non-speculative" facts alleged in the complaint. *Shrader v. Al Biddinger*, 633 F.3d 1235, 1242 (10th Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And a complaint that offers "mere labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not suffice[.]" *Safe Streets All.*, 859 F.3d at 878.

## II. Relevant Factual and Procedural Background

This case is based upon a dispute between Plaintiffs Lisa and Ernest Yazzie and their insurance company, Defendant Government Employees Insurance Company (GEICO) and two of its employees concerning Plaintiffs' claim for uninsured motorist bodily injury benefits under a UM/UIM policy provision of their automobile insurance contract with GEICO. (Doc. 1 at 3-7.) The following factual allegations are taken from Plaintiffs' First Amended Complaint (hereinafter "the Complaint"). (Doc. 1 at 7.)

On January 17, 2017, when Ms. Yazzie was driving and Mr. Yazzie was her passenger, both were injured in an automobile crash that was caused by the negligent driving of Patricia Brown. (Doc. 1 at 9-10, ¶¶ 17-18, 21.) Ms. Brown's vehicle was uninsured. (Doc. 1 at 10, ¶¶ 22, 24.) Plaintiffs both suffered serious personal injuries as a result of the crash. (Doc. 1 at 9-10, ¶ 20.)

The vehicle occupied by Plaintiffs was insured by a GEICO policy that covered two vehicles, each with $25,000/$50,000 of uninsured motorist coverage. (Doc. 10 at 10, ¶¶ 25-26.) After the

crash, Defendants "represented" to Plaintiffs that each of them had $50,000 in available uninsured motorist bodily injury coverage. (Doc. 1 at 10, ¶ 27.) Defendants also promised to pay uninsured motorist bodily injury (UMBI) benefits under the policy for all injuries and damages sustained by Plaintiffs as a direct and proximate cause of the accident for which they were not compensated in prior settlements. (Doc. 1 at 10, ¶ 28.) GEICO also promised to pay Plaintiffs "the same amount that the uninsured driver would be required to pay." (Doc. 1 at 12, ¶ 40.) On January 13, 2016, Plaintiffs made a written claim for payment of UMBI benefits under the policy. (Doc. 1 at 11, ¶ 35.) On January 25, Defendant GEICO rejected Plaintiffs' claim for payment.[1] (Doc. 1 at 11, ¶ 36.)

In the course of their dealings with the Yazzies in this regard, Defendants: chose not to investigate and process Plaintiffs' claim in a timely manner; misrepresented the UMBI coverage; and unreasonably denied benefits that, it is reasonably clear, were owed to Plaintiffs under the terms of the policy. (Doc. 1 at 10-11, ¶¶ 29-34.) Of particular relevance to the *Motion* presently before the Court, Plaintiffs allege that:

> Defendants have maliciously, deliberately and willfully refused to pay Plaintiffs UMBI benefits under the policy with the intent to force Plaintiffs to institute this litigation—and to litigate their legitimate claim through verdict—as the only means available to them to achieve payment of UMBI benefits due under the policy. . . . [And] Defendants are intentionally, willfully and maliciously forcing Plaintiffs to litigate their right to UMBI benefits due under the policy pursuant to an institutional policy maliciously intended to cause Plaintiffs needless expense and thereby delay payment in order to extort and harass Plaintiffs into accepting less than the full amount of UMBI benefits reasonably due under the policy.

(Doc. 1 at 11-12, ¶¶ 38-39.)

Based upon all of the foregoing allegations, but particularly based upon those contained in

---

[1] In paragraph 35 of the Complaint, Plaintiffs allege that they "made a written claim for payment[.]" (Doc. 1 at 11.) In the following paragraph, Plaintiffs allege that Defendants "rejected Plaintiffs' offer by disputing various conditional language of the offer" and "rejected Plaintiffs on January 25, 2016. (Doc. 1 at 11, ¶ 36.) Although they are not clear, the Court construes these allegations to mean that the "claim for payment" and the "offer" are synonymous.

paragraphs 38 and 39 of the Complaint, Plaintiffs lawsuit against GEICO includes a claim of malicious abuse of process, which claim comprises Count V of Plaintiff's five-count Complaint. (Doc. 1 at 16.) In direct support of Count V (listed under the heading), Plaintiff alleges that:

> Defendants have improperly, maliciously and intentionally abused, and will continue to improperly, maliciously and intentionally abuse, the processes and procedures of this Court [including but not limited to motions and discovery processes and procedures] to achieve a purpose for which these processes and procedures were never intended, i.e, GEICO's intent to improperly, maliciously and intentionally abuse these litigation processes and procedures to delay, harass and extort Plaintiffs into accepting less than the full amount of UMBI policy benefits due to them.
>
> As a direct and proximate result of Defendants' malicious abuse of process Plaintiffs have suffered, and will continue to suffer, compensatory damages in amounts yet to be proved at trial.
>
> Defendants' malicious abuse of this Court's processes were, and will continue to be, knowing, willful, intentional, malicious or reckless and entitle plaintiffs to an award of punitive damages in amounts sufficient to punish them and to deter similar conduct in the future in the state of New Mexico.

(Doc. 1 at 16, ¶¶ 73-75.)

Defendants seek dismissal of Plaintiffs malicious abuse of process claim on the ground that it fails to state a claim upon which relief can be granted because the allegations in the Complaint do not plausibly satisfy the requisite elements of that tort. (Doc. 130 at 2) Plaintiffs maintain that dismissal is not warranted because Defendants' pre-litigation conduct and their conduct during litigation (which, having occurred after the Complaint was filed, was not alleged therein) adequately support their malicious abuse of process claim. (Doc. 135.) The Court concludes that the well-pleaded factual allegations in the Complaint do not state a viable claim for malicious abuse of process. Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Count V of the Complaint shall be dismissed.

### III.    Analysis

A. **The Law Governing a Claim of Malicious Abuse of Process**

In New Mexico, the tort of "malicious abuse of process arose" from the New Mexico Supreme Court's decision to combine the previously distinct torts of abuse of process and malicious prosecution. *Durham v. Guest*, 204 P.3d 19, 23 (N.M. 2009). This was done to eliminate confusion—arising from the common purposes and elements of the distinct torts—as to which claim was appropriate in various circumstances. *Id.* at 25. Thus, claims that would have been viable under the former tort of abuse of process have continued validity under the tort of malicious abuse of process, and the prior New Mexico case law pertaining to the tort of abuse of process may still inform the analysis of a malicious abuse of process claim. *Id.*

To state a claim for malicious abuse of process, the plaintiff has the burden of demonstrating that the defendant: (1) made "use of a process *in a judicial proceeding* that would be improper in the regular prosecution or defense of a claim or charge"[2]; (2) acted with "a primary motive in the use of process to accomplish an illegitimate end"; and (3) "damages." *Id.* at 26 (emphasis added). A plaintiff may satisfy the second element—improper use of process *within a judicial proceeding*—by demonstrating that the defendant: "fil[ed] a complaint without probable cause"; exhibited some "irregularity or impropriety' that suggests "extortion, delay, or harassment"; or conducted itself in a manner that would be actionable under the formerly-recognized tort of abuse of process. *Id.* Use of a judicial process is "irregular or improper if it (1) involves a procedural irregularity or a misuse of procedural devices such as discovery, subpoenas, and attachments, or (2) indicates the wrongful use of proceedings, such as an extortion attempt." *Id.*;

---

[2] The *Durham* court redefined the first element of malicious abuse of process. In *DeVaney v. Thriftway Marketing Corp.*, 953 P.2d 277, 283 (N.M. 1997), the New Mexico Supreme Court established the elements of the newly recognized tort of malicious abuse of process, the first of which was: "the initiation of judicial proceedings against the plaintiff by the defendant[.]" In *Durham*, the court modified this element to avoid the unintended potential for inequity whereby a party who did not initiate judicial proceedings would be free, as a matter of tort law, to abuse process within that proceeding, but an abuse of process by the plaintiff could subject him to liability for malicious abuse of process. *Durham*, 204 P.3d 26.

5

Restatement (Second) of Torts § 682 cmt. b ("The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it."). Other examples of "abuse of process" include "excessive execution on a judgment [or] attachment on property other than that involved in the litigation or in an excessive amount[.]" *DeVaney v. Thriftway Marketing Corp.*, 953 P.2d 277, 287 (N.M. 1997) *overruled on other grounds by Durham*, 204 P.3d at 26. "[T]he tort of malicious abuse of process should be construed narrowly in order to protect the right of access to the courts." *Durham*, 204 P.3d at 26.

### B. The Allegations of Abuse of Process Raised in Plaintiffs' Response to Defendants' Motion to Dismiss are not Properly Before the Court

As an initial matter, the viability of Plaintiff's malicious abuse of process claim depends solely upon the sufficiency of the allegations presented in the Complaint. *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("It is well-established . . . that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."). The allegations of litigation abuse set forth in Plaintiffs' *Response* to Defendants' *Motion to Dismiss* that were not included in the Complaint do not bear upon the Court's analysis.[3] *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Weinstein v. U.S. Air Force*, 468

---

[3] In this regard, Plaintiffs argue that they were forced to file two motions to compel discovery, both of which were granted (although the Court observes that one motion was granted *in part*); and GEICO paid the reasonable attorney's fees associated with filing the motions. (Doc. 64 (motion to compel related to Defendants' objections and answers to Plaintiffs' requests for admissions); Doc. 65 (motion to compel discovery responses); Doc. 88 (granting Plaintiffs' motion to compel and awarding attorney's fees); Doc. 122 (granting, in part, Plaintiff's motion to compel, and permitting Plaintiffs to file a motion for attorney's fees by September 28, 2017)). Even were the Court to consider these newly raised allegations, the Court is not persuaded that discovery disputes of the nature of those reflected on the docket in this case, which regularly arise in the course of litigation, and which are promptly remedied pursuant to the Rules of Civil Procedure and by the processes of the Court, rise to the level of conduct that comes within the scope of conduct remediable under the tort of malicious abuse of process.

F.Supp.2d 1366, 1372 (D.N.M. 2006) (declining to consider allegations which were not included in a first amended or proposed second amended complaint, but were presented in a surreply to the defendant's motion to dismiss). These allegations are not considered further in the context of this Opinion.

   C. <u>**The Allegations in Plaintiffs' Complaint Do Not State a Claim for Relief That is Plausible on its Face**</u>

   1.  **The Court Disregards the Conclusory, Implausible, and Speculative Allegations in the Complaint**

As noted earlier, Plaintiffs allege that Defendants abused and will continue to abuse the processes and procedures of the Court "including, but not limited to motions and discovery processes and procedures" for the purpose of delaying, harassing, and extorting Plaintiffs into accepting less than they are owed under the insurance policy. Plaintiffs filed the Complaint on September 27, 2016, in the State of New Mexico, County of Santa Fe, First Judicial District Court. (Doc. 1 at 7.) Defendants removed the lawsuit to this Court three days later, on September 30, 2016, and, after removal, they filed their answer to the complaint and a notice of acceptance of service. (Doc. 1; Doc. 2; Doc. 3.) Because Defendants' first use of "judicial process" in this case occurred three days *after* the Complaint was filed, Plaintiff's allegation that Defendants had abused the motions and discovery processes of the Court—before any such processes were undertaken is not plausible. To the extent that Plaintiffs anticipated that Defendants would abuse these processes in the future, the allegation is speculative and, insofar as it is devoid of specificity, it is conclusory. For the foregoing reasons, the Court does not accept the truth of this allegation. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief beyond the speculative level" and "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions"; legal conclusions

couched as factual allegations are not entitled to a presumption of truth. (Alterations omitted)).

### 2. The Plausible, Non-Conclusory, Non-Speculative Allegations Do Not Satisfy the First Element of Malicious Abuse of Process

Assuming the truth of the plausible, non-conclusory, non-speculative factual allegations in the Complaint, Plaintiffs, having been injured in a crash caused by an uninsured motorist were entitled to, and were promised, UMBI benefits pursuant to their contract of insurance with GEICO. *Shrader*, 633 F.3d at 1242 (stating the parameters under which factual allegations in a complaint are assumed to be true). Although Plaintiffs did what was required by the contract to obtain prompt, full, and fair payment of their claims—including submitting a written claim for UMBI benefits under the policy, Defendants maliciously, deliberately and willfully refused to pay the UMBI benefits. Defendants' refusal to pay the UMBI benefits was intended to force Plaintiffs to file a lawsuit and to pursue their legitimate claim to insurance benefits through litigation. These wrongful tactics were undertaken by Defendants pursuant to an institutional policy of maliciously causing needless expense and delay and to force Plaintiffs into accepting less than they are owed under the terms of their insurance policy.

While these facts may well subject Defendants to liability under other theories of recovery, insofar as they did not involve Defendants' *use of a process in a judicial proceeding*, they are not actionable under a theory of malicious abuse of process. *Durham*, 204 P.3d at 26 (stating the requisite elements of a malicious abuse of process claim, including the use of process in a judicial proceeding for an improper purpose); *see also Hinkle v. State Farm Fire & Cas. Co*, 308 P.3d 1009, 1014 (N.M. Ct. App. 2013) (stating that a threat of litigation for an improper purpose is insufficient to satisfy the first element of malicious abuse of process); *DirecTV, Inc. v. Zink*, 286 F.Supp.2d 873, 876 (E.D. Mich. 2003) (recognizing that an abuse of process claim is not viable if it is premised on a theory that an action for damages was initiated for the "ulterior

purpose of causing so much expense and trouble in defending it that plaintiff would be forced to give up or at least be frustrated in pursuing its legitimate activities" because the objectives of collecting damages and deterring similar future conduct are acceptable grounds for litigation (alterations omitted)).

The authorities that Plaintiffs cite in their *Response* are not to the contrary. *Dairyland Ins. Co. v. Herman*, 954 P.2d 56 (N.M. 1997), and *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276 (Ariz. 2000), pertain to the duty of good faith—violations of which are actionable under legal theories governing bad faith—owed by an insurer to its insured. (Doc. 135 at 5.) Neither *Dairyland* nor *Zilisch* involved a claim of malicious abuse of process. Plaintiffs' citation to *Morn v. City of Phoenix*, 730 P.2d 873 (Ariz. Ct. App. 1986) is likewise unavailing. (Id.)

In *Morn*, the Arizona Court of Appeals reversed a judgment in favor of police-officer counterclaimants who, having been sued under various theories of tort arising out of their search of a private residence had prevailed at trial on a theory of abuse of process. *Id.* at 874-75. Plaintiffs cite *Morn* for the proposition, taken out of context, that a claim of abuse of process may be premised on conduct undertaken in the course of negotiation. (Doc. 135.) While *Morn* does stand for the proposition that threatening legal action as a form of extortion to gain a collateral advantage not properly involved in the proceeding itself may be actionable under a theory of abuse of process, it is so only if "process does in fact issue at the defendant's behest, as part of the attempted extortion." *Id.* at 877. Indeed, this proposition of law is found in relevant, New Mexico, case law as well. *See DeVaney*, 953 P.2d at 285 ("A demand for collateral advantage that occurs before the issuance of process may be actionable, so long as process does in fact issue at the defendant's behest, and as part of the extortion." (alteration omitted)). Nevertheless, the allegations in the Complaint do not support a theory that GEICO threatened,

and then initiated, litigation to gain a collateral advantage over Plaintiffs. To the extent that GEICO's negotiation tactics revealed that it sought an "advantage" over Plaintiffs, the advantage pertained to the at-issue coverage dispute, and not to a collateral matter. *See* Restatement (Second) of Torts § 282 cmt. b ("The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it.").

In summary, Plaintiff has cited no authority for the proposition that a malicious abuse of process claim may be premised on tactics—even if they are abusive, improper, and malicious, and intended to force an insured to pursue his or her rightful benefits through litigation—employed, prior to the commencement of litigation, in the claims adjusting process. Relevant New Mexico case law does not support this proposition and, in light of the admonishment issued by the Supreme Court of New Mexico, that "the tort of malicious abuse of process should be construed narrowly in order to protect the right of access to the courts[,]" the Court is not persuaded that Plaintiffs' attempt to remediate pre-litigation abuses of the claims adjusting process pursuant to this theory accords with the nature of the tort. *Durham*, 204 P.3d at 26. For all of the foregoing reasons, Plaintiffs' claim of malicious abuse of process, as pleaded in the Complaint is not viable.

### IV. Conclusion

For the reasons stated herein, *Government Employees Insurance Company's Motion to Dismiss Plaintiffs' Claim for Malicious Abuse of Process* (Doc. 130), filed September 27, 2017, is **GRANTED**.

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**
**Presiding by Consent**